## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| *In Re* Section 301 Cases | Court No. 21-cv-00052-3JP |

**Standard Procedural Order 21-02**

The court has received several proposals for the court's management of these cases going forward. Despite certain differences in the proposals, there was agreement regarding the need for the court to adopt case management procedures particular to the challenges of adjudicating more than 3,500 cases. Moreover, while the court understands that counsel for many Plaintiffs have met in an effort to coordinate their strategy, Plaintiffs have not had occasion to make a specific proposal, as a group, regarding the representative cases and counsel they would like the court to select for purposes of such case management procedures. To that end, the court provides as follows:

*Identification of Sample Case(s)*: The court intends to proceed first on a representative sample of cases, subject to consolidated briefing. Such cases will take into account: (1) the diverse claims raised in various cases; (2) the ability to exclude any claim that stands or falls on the basis of another claim already included; and (3) any affirmative defenses that Defendants expect to present. The court expects that the number of sample cases identified will be small enough to permit the efficient disposition of this litigation while allowing the court to consider all claims raised by the various Plaintiffs.

In proposing sample cases, the court desires Plaintiffs to coordinate their proposal both among themselves and with Defendants, taking into account the aforementioned factors. Any such coordinated proposal must be submitted no later than March 19, 2021.

No later than March 26, 2021, any Plaintiff that believes that one or more of its claims would not be represented by a sample case proposal made on behalf of a substantial number of Plaintiffs may submit a request and explanation as to why its case should be included in the sample cases. Such request may not exceed 2,500 words.

While the court desires Plaintiffs to coordinate the sample case proposal with Defendants, Defendants may submit specific comments on the sample case proposal (particularly regarding the inclusion of certain cases) no later than March 26, 2021. Such comments may not exceed 2,500 words.

*Identification of Steering Committee:*  The court intends to select counsel to serve as a Plaintiffs' steering committee for purposes of: (1) working with the court to adopt further case management procedures to guide the resolution of these cases going forward; and (2) coordinating amongst themselves to present consolidated briefs and other submissions to the court. The court expects that the number of committee members will be small enough to permit efficient coordination among counsel, yet large enough to provide adequate representation of diverse viewpoints.

In proposing steering committee members, the court desires Plaintiffs to coordinate their submission among themselves. No later than March 19, 2021, Plaintiffs are invited to

submit their joint proposal identifying counsel who should be designated to serve on the steering committee.

No later than March 26, 2021, any attorney that believes that they should be included on the steering committee and was not identified in the joint submission may submit a request and explanation as to why they should be included.  Such request must be presented separately from any request for an additional sample case and may not exceed 2,500 words.

*Stay of Cases Not Selected as Sample Cases:*  The court anticipates issuing a stay of all Section 301 cases assigned to the panel that are not selected to proceed as sample cases.

*Briefing Schedule:*  Following the court's selection of sample cases and steering committee members, the court anticipates meeting with the steering committee and counsel for Defendants to identify and discuss any additional issues requiring early case management intervention and providing a deadline for the Parties in the sample cases to submit a proposed briefing schedule.  The court does not anticipate issuing a bifurcated briefing schedule as Defendants have suggested.  Unless a need for other motion practice is identified, the court expects that the Parties in the sample cases will proceed to filing cross motions for summary judgment wherein such motions would include any defenses, objections, or other arguments that would otherwise be presented pursuant to U.S. Court of International Trade Rule 12.

When submitted, the proposed briefing schedule should also provide for the submission of the administrative record.  The court notes that some Parties have expressed

openness to a stipulated, limited record.  The court encourages such cooperation among the Parties, particularly to the extent that a limited record would be adequate for Parties to present their legal challenges.

Plaintiffs in cases not selected as sample cases may participate in the sample case litigation as *amicus curiae*.  Any proposed briefing schedule should provide for staggered briefing by *amicus curiae*, such that *amicus* briefs are due after the moving briefs.  *Amicus* briefs must not repeat the arguments made in the moving briefs and will be subject to substantially reduced word limitations.

*Issues Regarding Relief*:  In their respective submissions concerning case management procedures filed in *HMTX Industries LLC, et al. v. United States, et al.*, Court No. 20-cv-00177, ECF Nos. 20 & 22, Defendants and Plaintiffs in that case raised the possibility of "interim relief."  While Defendants did not explicate further, ECF No. 20 at 4, Plaintiffs discussed their view that Defendants could stipulate that a refund remedy would be available if Plaintiffs prevail, consistent with recent decisions of this court and the U.S. Court of Appeals for the Federal Circuit, ECF No. 22 at 5.  Defendants have not addressed this issue in subsequent filings.  Parties should begin to confer on this issue as soon as practicable.  The court anticipates that Parties will be required to provide a joint status report that addresses whether the Parties are able to stipulate to terms regarding available relief by the deadline for a proposed briefing schedule (but

preferably sooner).  Any such stipulation would be without prejudice to any objections to jurisdiction or arguments on the merits.

Dated:    February 16, 2021            /s/ Mark A. Barnett
         New York, New York          Judge Mark A. Barnett


                                      /s/ Claire R. Kelly
                                    Judge Claire R. Kelly


                                      /s/ Jennifer Choe-Groves
                                    Judge Jennifer Choe-Groves