UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CLAIRE R. KELLY, JENNIFER CHOE-GROVES, JUDGES

| | |
|---|---|
| IN RE SECTION 301 CASES | : <br> : <br> : Court No. 21-00052-3JP <br> : <br> : |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSAL IN RESPONSE TO STANDARD PROCEDURAL ORDER 21-02**

On March 19, 2021, plaintiffs submitted a coordinated proposal regarding the identification of a sample case, the identification of a steering committee, and issues regarding relief. *See* Dkt. 260, Plaintiffs' Coordinated Proposal in Response to Standard Procedural Order 21-02 (Plaintiffs' Proposal). Pursuant to Standard Procedural Order 21-02, defendants "may submit specific comments on the sample case proposal (particularly regarding the inclusion of certain cases) no later than March 26, 2021." We therefore respectfully submit the following comments in response to plaintiffs' proposal regarding the identification of a sample case. We also briefly address plaintiffs' proposal regarding the steering committee and interim relief.

1. **Identification of a Sample Case**

Plaintiffs propose proceeding with a single sample case, Case No. 20-177, the first-filed complaint. Plaintiffs' Proposal at 1-2. We concur with plaintiffs' suggestion of designating the first-filed case as a sample case, as it raises the most common claims in all of the Section 301 cases.

Plaintiffs also state that "Based on extensive review and discussion with counsel for the other plaintiffs, the additional claims raised by certain individual plaintiffs either reflect non-substantive variations on, or complement, the two causes of action in Case

No. 20-177." Plaintiffs' Proposal at 2. They then propose that these additional claims be handled via *amici curiae* briefs. *Id.*

With respect to arguments that are non-substantive variations on the causes of action in Case No. 20-177, we agree that these are appropriate matters to be raised by *amici curiae*. Any such *amici curiae* briefs, however, should not repeat arguments made in briefing related to the sample case. In addition, to the extent plaintiffs propose that individual plaintiffs may pursue claims as *amici curiae* that are substantively different from the claims raised in Case No. 20-177 (*e.g.*, due process claims, unconstitutional revenue collection claims, claims alleging violations of the General Agreement on Tariffs and Trade, and claims contesting the exclusion process or exclusion decisions), we object to this proposal. Briefs by *amici curiae* are not an appropriate manner for individual plaintiffs to raise substantive claims that are separate from those raised in the first-filed complaint. Any such issues should be stayed pending the resolution of the sample case, or handled through some other means.

In addition, while not specifically addressed in plaintiffs' proposal, we propose that any claims regarding the Section 301 exclusion process or decisions on individual exclusion requests should be severed and handled separately, either individually, or in groups if they raise generic issues about the exclusion process. We are aware of approximately 60 complaints to date that include claims challenging the exclusion process or individual exclusion decisions. The exclusion process and decisions on individual exclusion requests are entirely separate from the issuance of Lists 3 and 4A, which is the subject of the proposed sample case and majority of complaints filed.

Therefore, we propose that any such claims be handled separately, following the resolution of the sample case.

### 2. Identification of a Steering Committee

Plaintiffs propose a group of 15 counsel to serve on the steering committee. Plaintiffs' Proposal at 3. In addition, in accordance with our request, plaintiffs propose designating Akin Gump Strauss Hauer & Feld LLP as the point of contact for the steering committee. We understand this proposal to mean that defendants will only need to coordinate with Akin Gump for any issues that require the parties to meet and confer, *see* Standard Procedure Order No. 21-01 at 4, and that Akin Gump will, in turn, coordinate with the steering committee. With this clarification, we agree to plaintiffs' proposed steering committee.

### 3. Issues Regarding Relief

In Standard Procedural Order 21-02, the Court instructed the parties to confer on the issue of relief "as soon as practicable." The Court also stated that it anticipates requiring the parties to provide a joint status report on the issue by the deadline for a proposed briefing scheduling, "but preferably sooner." Order at 4-5. While we intend to address this issue in a joint status report, we provide the following initial response to plaintiffs' proposal.

Plaintiffs seek to obtain our consent that if they prevail in the 301 litigation, the Court may award a refund of Section 301 duties collected, regardless of whether entries subject to such duties have liquidated. Plaintiffs' Proposal at 3-4. However, issues regarding relief have not been properly presented to the Court at this time. Plaintiffs are therefore seeking an advisory opinion from the Court, which is improper. Moreover, the

Court may never be required to address this issue because it may only be relevant if the Court ultimately rules against the government on the merits. Finally, we decline to enter into a stipulation concerning the relevant law that would apply to plaintiffs' request for a remedy, as, among other problems with this suggestion, it is for the Court, not the parties, to determine the law that governs requests for relief.

                                                        Respectfully submitted,

                                                        BRIAN M. BOYNTON
                                                        Acting Assistant Attorney General

                                                        JEANNE E. DAVIDSON
                                                        Director

                                                        /s/ L. Misha Preheim
                                                        L. MISHA PREHEIM
                                                        Assistant Director

| OF COUNSEL: | /s/ Justin R. Miller |
|---|---|
| | JUSTIN R. MILLER |
| | Attorney-In-Charge, |
| MEGAN GRIMBALL | International Trade Field Office |
| Associate General Counsel | |
| PHILIP BUTLER | /s/ Jamie L. Shookman |
| Associate General Counsel | Trial Attorney |
| EDWARD MARCUS | Commercial Litigation Branch |
| Assistant General Counsel | Civil Division |
| Office of General Counsel | Department of Justice |
| Office of the U.S. Trade Representative | 26 Federal Plaza, Room 346 |
| 600 17th Street N.W. | New York, NY 10278 |
| Washington, D.C. 20508 | Tel: 212-264-2107 |
| | Fax: 212-264-1916 |
| PAULA SMITH | |
| Assistant Chief Counsel | SOSUN BAE |
| EDWARD MAURER | Senior Trial Counsel |
| Deputy Assistant Chief Counsel | ANN C. MOTTO |
| VALERIE SORENSEN-CLARK | Trial Attorney |
| Attorney | Commercial Litigation Branch |
| Office of the Assistant Chief Counsel | Civil Division |
| International Trade Litigation | Department of Justice |

U.S. Customs and Border Protection  
26 Federal Plaza, Room 258  
New York, NY 10278

P.O. Box 480  
Ben Franklin Station  
Washington, D.C. 20044

March 26, 2021

*Attorneys for Defendants*