**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE
THE HONORABLE CLAIRE R. KELLY, JUDGE
THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

*In Re* Section 301 Cases : Court No. 21-00052

**JOINT STATUS REPORT**

Pursuant to Standard Procedural Order 21-04, Plaintiffs HMTX Industries, LLC, Halstead New England Corp., Metroflor Corporation, and Jasco Products Company LLC ("Plaintiffs") and Defendants respectfully submit this Joint Status Report. Standard Procedural Order 21-04 ordered the parties to (1) propose a briefing schedule for the sample case selected by the Court, *HMTX Industries LLC, et al. v. United States, et al.*, Court No. 20-00177; and (2) address "any additional issues requiring early case management intervention," including areas of agreement and disagreement on "issues regarding relief." Court No. 21-052, Docket No. 267 at 3-5 (Mar. 31, 2021). The parties address each of these items in turn. As explained below, the parties have largely reached agreement on a briefing proposal (subject to the caveats discussed below), but remain in disagreement over the issue of the availability of refunds for liquidated entries in the event Plaintiffs prevail on the merits.

## I. Proposed Briefing Schedule

In Standard Procedural Order 21-04, the Court ordered the parties to "include a proposed briefing schedule substantially in accordance with the guidance provided in Standard Procedural Order 21-02." *Id.* at 3. In Standard Procedural Order 21-02, the Court discouraged "a bifurcated briefing schedule"; expressed its expectation that the parties will "file cross motions for summary

judgment wherein such motions would include any defenses, objections, or other arguments that would otherwise be presented pursuant to U.S. Court of International Trade Rule 12"; explained that any proposed briefing schedule "should also provide for the submission of the administrative record" or a "stipulated, limited record"; and stated that the "briefing schedule should provide for staggered briefing by *amicus curiae*." Court No. 21-052, Docket No. 82 at 3-4 (Feb. 16, 2021).

With these requirements in mind, the parties respectfully propose the following briefing schedule for the resolution of *HMTX*, subject to the caveats and limited objections noted by each side after the chart:

| FILING | DUE DATE | WORD LIMIT |
|---|---|---|
| Defendants file administrative record index | April 30, 2021 | N/A |
| Defendants file their dispositive motions, including any defenses, objections, or other arguments that would otherwise be presented pursuant to Rule 12 | June 1, 2021 | 20,000 |
| Plaintiffs file combined response and dispositive cross motion | August 2, 2021 | 20,000 |
| *Amicus curiae* file supporting briefs (if any) | August 9, 2021 | 5,000 |
| Defendants file combined reply supporting their dispositive motions and responding to cross motion (including any response to *amicus curiae* briefs) | Plaintiffs propose October 1, 2021; Defendants propose November 8, 2021 | 10,000 (+ up to half of total amicus words) |
| Plaintiffs file reply supporting their cross motion | Plaintiffs propose November 15, 2021; Defendants propose December 23, 2021 | 10,000 |

**A. Plaintiffs' Position**

Plaintiffs maintain a strong interest in faster resolution of the sample case. As the Court knows, the tariffs at issue affect over $500 billion in imports from the People's Republic of China. Court No. 20-177, Am. Compl. ¶¶ 1, 2 (Sept. 21, 2020). Every day, Plaintiffs import goods and pay duties that Plaintiffs contend were imposed unlawfully. The payment of those unlawful duties

inflicts ongoing and accruing harm on Plaintiffs (and thousands of others who filed related Section 301 cases) in terms of lost profits, customers, and market share, including to foreign competitors not subject to the tariffs; damage to consumer goodwill and innovation; permanent closure of facilities and layoffs; and the like. Plaintiffs filed the complaint in the selected sample case (*HMTX*) on September 10, 2020, over seven months ago, so Defendants have had ample notice of the issues. Plaintiffs' original proposal to Defendants sought to conclude all briefing by the end of September 2021 (still more than a year after the sample case commenced).

Nevertheless, at Defendants' request and in the spirit of compromise, Plaintiffs have agreed to a more extended schedule that includes a full 60 days for responsive briefing on the understanding that there will be no further requests for extension of these ample time limits (absent a personal emergency or the like). This extended schedule would allow the parties to conclude briefing by November 15, 2021 (more than seven months from now). Moreover, as communicated to Defendants, Plaintiffs have no reason to expect a deluge of amicus filings—which, in any event, is no cause to extend a 60-day response period. Indeed, neither this Court's rules nor the Federal Rules of Civil Procedure extend the time or length for response briefs based on the number of amicus filings, and Plaintiffs are not aware of any such practice even in other significant litigation in which many more amicus briefs are filed than expected here. Plaintiffs thus oppose any lengthening of the period for filing briefs (including through the filing of an extension request) beyond the dates proposed in the chart above by Plaintiffs.

**B.     Defendants' Position**

We agree with the first four dates set forth in the proposed briefing schedule above. In addition, upon Plaintiffs' request, we agreed to include any response to *amicus curiae* briefs in our combined reply supporting our dispositive motions and responding to Plaintiffs' cross motion.

However, because this motion will be responding to an unknown number of *amicus curiae* briefs, we propose allotting 90 days for the Government to file its motion, instead of the 53 days proposed by Plaintiffs.  Moreover, given the potentially large number of *amicus curiae* briefs that may be filed, and the unknown number of issues to which we may be required to respond, we may seek an extension of time to file our reply/response brief.

Plaintiffs delayed almost two years after issuance of Lists 3 and 4A to initiate a judicial challenge.  Although we believe their challenge to be meritless, they chose to pay the lawfully-imposed duties rather than bringing a prompt legal challenge.  Neither the Court nor the Government should be rushed now because of Plaintiffs' delay.

## II.     Issues Regarding Relief

In Standard Procedural Order 21-04, the Court ordered the parties to address in the joint status report "any additional issues requiring early case management intervention and include a joint proposal for addressing any such issues to the extent possible."  Court No. 21-052, Docket No. 267 at 3.  In the absence of agreement, the Court ordered the parties to "identify the position of each side and the basis for any disagreement."  *Id.*  The Court explained that "[a]ny such issues may form the basis for an agenda to be addressed at a status conference with the court."  *Id.*

With respect to the issue of interim relief, the Court observed that it had "no motion pending before" it and stated that it "will not issue an advisory opinion on the matter of relief."  *Id.* at 4. The Court also noted, however, that Defendants "have not identified an actual disagreement with Plaintiffs regarding relief that the court may ultimately need to resolve," and the Court likewise recognized the "importance of providing timely, effective, and administrable relief should Plaintiffs establish their right to such relief."  *Id.*  The Court therefore ordered "the Steering Committee and Defendants [to] continue their consultations, including discussion of the

liquidation status, protest status, etc., of the entries in dispute in an effort to identify areas of agreement and the extent of any disagreement with respect to relief." *Id.*

Unfortunately, the parties remain in disagreement over the availability of refunds for liquidated entries in the event Plaintiffs prevail on the merits.

**A. Plaintiffs' Position**

Since the outset of the *HMTX* litigation, Plaintiffs have sought refunds on any unlawful duties paid. *See, e.g.*, Court No. 20-177, Am. Compl. ¶ 4 ("The Court should set aside Defendants' actions as *ultra vires* and otherwise contrary to law, as well as order Defendants to refund (with interest) any duties paid by Plaintiffs pursuant to List 3 and List 4A."). Indeed, between September 2020 and March 2021, Plaintiffs repeatedly requested that Defendants confirm the availability of refunds, based on recent decisions from this Court and the U.S. Court of Appeals for the Federal Circuit, as well as the collective interest in avoiding unnecessary motion practice. Despite Plaintiffs' efforts, Defendants repeatedly declined to take a position on the issue of relief. In fact, in their response to Standard Procedural Order 21-02 filed on March 26, 2021, Defendants still did not take a clear position, instead alleging that they did not regard the question of relief as ripe for resolution. Court No. 21-052, Docket No. 265 at 3-4 (Mar. 26, 2021).

Consistent with Standard Procedural Order 21-04, Plaintiffs again consulted with Defendants in an attempt to reach resolution on the remedy issue. On April 7, 2021, some seven months after the *HMTX* litigation commenced and after numerous discussions between them, Defendants sent an email to Plaintiffs representing for the first time their view that this Court lacks the power to order refunds for liquidated entries at the close of the litigation. Defendants conveyed to Plaintiffs that the government is unwilling to represent that refunds would be available for any liquidated entries and believes that such refunds should not be provided as a matter of law, even

in the event that Plaintiffs prevail in full on their claims that the tariffs at issue are *ultra vires* and unlawful. Thus, under Defendants' position, Plaintiffs are accruing *unrecoverable* monetary amounts every day with each liquidation.

In light of Defendants' position, Plaintiffs have no choice but to seek expedited resolution from the Court as to the availability of refunds for liquidated entries. Plaintiffs therefore intend to file a motion in the sample case seeking (1) a declaratory judgment of the Court's authority to order such refunds in the event Plaintiffs prevail on the merits and, in the alternative, (2) a preliminary injunction limited to suspending the liquidation of unliquidated entries pending a final judgment in this litigation. *See, e.g.*, *J. Conrad Ltd. v. United States*, 457 F. Supp. 3d 1365, 1379 (Ct. Int'l Trade 2020) ("This Court possesses 'all the powers in law and equity' of a district court. 28 U.S.C. § 1585. Accordingly, with exceptions not applicable here, this Court may award any form of relief appropriate in a civil action, *id.* § 2643(c)(1), including, generally, a money judgment against the United States in a civil action commenced under 28 U.S.C. § 1581. *Id.* § 2643(a)(1)."); *see also Sumecht NA, Inc. v. United States*, 923 F.3d 1340, 1349 & n.9 (Fed. Cir. 2019) (confirming that the Court "has broad remedial powers, including the ability to order reliquidation," noting that the Government "represented unequivocally" that the Court "has the authority to order the Government to reliquidate" entries in a § 1581(i) case, and emphasizing that the Government "straightforwardly maintained this position at oral argument" (cleaned up) (citations omitted)). Indeed, Defendants' decision to force Plaintiffs to file a motion on the issue seems all the more unfortunate when viewed against this Court's pronouncement just last week. *See PrimeSource Bldg. Prods., Inc. v. United States*, No. 20-032, 2021 WL 1242956, at *5 (Ct. Int'l Trade Apr. 5, 2021) ("[S]hould any entries of PrimeSource's merchandise at issue in this litigation have liquidated with the assessment of 25% duties pursuant to Proclamation 9980, *PrimeSource is*

*entitled to reliquidation of those entries and a refund of any duties deposited or paid, with interest as provided by law*." (emphasis added)).

In light of the urgent nature of the issue, Plaintiffs propose the following schedule with respect to their planned motion:

| FILING | DUE DATE | PAGE LIMIT |
|---|---|---|
| Plaintiffs' motion for declaratory judgment / limited preliminary injunctive relief | April 22, 2021 | 10 Pages |
| Defendants' response | May 3, 2021 | 10 Pages |
| Plaintiffs' reply | May 10, 2021 | 5 Pages |

Plaintiffs emphasize that this proposed schedule would not affect the proposed merits briefing schedule.

If the Court grants Plaintiffs' request for declaratory relief in the sample case, Plaintiffs respectfully submit that the Court's decision would govern all related Section 301 cases. To the extent the Court instead denies Plaintiffs' request for declaratory relief, such that the liquidation of Plaintiffs' entries would amount to irreparable harm in form of unrecoverable monetary sums, then the Court should enter a preliminary injunction suspending the liquidation of unliquidated entries for all Section 301 plaintiffs. Individual Plaintiffs across the 3,700+ cases may decide to opt-out (in the form of a motion to lift the preliminary injunction or some other mechanism that the Court provides) of any such limited injunction based on their own situations.

Plaintiffs are also open to participating in a status conference this week in the hopes of resolving the issue without the need for a motion.

**B. Defendants' Position**

The parties have continued conferring about issues regarding relief, in accordance with the Court's Fourth Procedural Order. The Government disagrees with Plaintiffs regarding the availability of refunds of duty assessments for liquidated entries that have become final and

conclusive pursuant to 19 U.S.C. § 1514(a). The Government maintains that such relief would not be available in the 301 cases, should Plaintiffs ultimately prevail on the merits of their case. We disagree with Plaintiffs' suggestion that the law clearly allows reliquidation of liquidated entries in the circumstances presented here. The Federal Circuit most recently noted that the distinctions between seemingly conflicting precedent are unclear, and Plaintiffs themselves obviously have doubts about the availability of reliquidation as a remedy in this case or they would not ask the Court for a ruling on that issue before even briefing the merits. Plaintiffs also are incorrect in assuming that preliminary injunctive relief might be available based solely on assertions of irreparable harm. The Supreme Court, the Federal Circuit, and recent decisions of this Court underscore the need for a party seeking preliminary injunctive relief to satisfy all four factors – likelihood of success on the merits, irreparable harm, public interest and balance of harms. While Plaintiffs focus on their perceived harms from paying duties they did not timely challenge, a request for an injunction suspending liquidation would impose an extraordinary and potentially impossible burden on Customs and Border Protection, at a time when its resources are already stretched to the limit. Regardless, this issue should be resolved only if and when Plaintiffs prevail on the merits. However, should Plaintiffs file a motion for expedited adjudication of this issue, we will respond to any arguments presented in that motion.

As for Plaintiffs planned motion, they do not explain what they mean by a "limited" motion for preliminary injunctive relief. In any case, we disagree that any such motion would be "urgent," as demonstrated by Plaintiffs' delay in bringing issues regarding relief before the Court. Once again, Plaintiffs waited nearly two years from the imposition of List 3 and List 4 duties to file their complaint, and as they note above, another seven months have passed since they filed their complaint. We therefore do not agree to respond to Plaintiffs' motion in eleven days, as they

propose, and we instead request three weeks from the filing of their motion, or until May 13, 2021, to file our response. Moreover, we do not agree to a page limit for responding to a motion that we have not seen. Instead, we propose following the Court's Rules regarding word limitations.

* * *

Respectfully submitted,

/s/ Matthew R. Nicely
Matthew R. Nicely
Pratik A. Shah
James E. Tysse
Devin S. Sikes
Daniel M. Witkowski
Sarah B. W. Kirwin

AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW
Washington, D.C. 20006

*Counsel to Plaintiffs HMTX Industries LLC, Halstead New England Corporation, Metroflor Corporation, and Jasco Products Company LLC*

BRIAN M. BOYNTON
Acting Assistant Attorney General

/s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

/s/ L. Misha Preheim
L. MISHA PREHEIM
Assistant Director

/s/ Jamie L. Shookman
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
26 Federal Plaza, Room 346
New York, NY 10278
Tel: 212-264-2107
Fax: 212-264-1916

SOSUN BAE
Senior Trial Counsel
ANN C. MOTTO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

Date: April 12, 2021