UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE MARK A. BARNETT, CHIEF JUDGE
          THE HONORABLE CLAIRE R. KELLY, JUDGE
          THE HONORABLE JENNIFER CHOE-GROVES, JUDGE
_____
                                             :
                                             :
*In Re* Section 301 Cases                    :   Court No. 21-00052
                                             :
_____:

### PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF A PRELIMINARY INJUNCTION LIMITED TO SUSPENSION OF LIQUIDATION

Sample-case Plaintiffs HMTX Industries, LLC, Halstead New England Corp., Metroflor Corporation, and Jasco Products Company LLC (Plaintiffs) respectfully move for leave to file the attached proposed reply in support of their Motion for Preliminary Injunction Limited to Suspension of Liquidation. Plaintiffs seek to file the proposed 25-page reply less than a week after Defendants submitted their 42-page opposition to Plaintiffs' 16-page Motion. Defendants represented through counsel that they reserve the right to respond to this Motion. Because Defendants' opposition broaches new merits arguments and raises other new points previously unaddressed, and the issue of interim relief in this unprecedented litigation concerns hundreds of millions (and probably billions) of dollars, Plaintiffs respectfully request that the Court grant them leave to reply to Defendants' arguments.

**I.    Background**

On April 23, 2021, Plaintiffs filed their Motion for Preliminary Injunction Limited to Suspension of Liquidation in Court No. 21-052. ECF No. 287. Plaintiffs requested that the Court issue a preliminary injunction limited to the suspension of liquidation, regardless of whether the Court confirms that it has the authority to issue refunds on liquidated entries, in light of the Government's indication of plans to challenge any such ruling. *See id.* at 6-15. Plaintiffs argued

that they would suffer irreparable harm in the absence of interim relief, that they had demonstrated a likelihood of success on the merits, and that the balance of the hardships and public interest weigh in favor of granting interim relief. *See id.* Plaintiffs also requested that similar relief, along with an opt-out mechanism, be accorded all Section 301 plaintiffs who filed related suits. *Id.* at 1.

On May 14, 2021, Defendants filed their opposition to Plaintiffs' Motion. Defendants' opposition is the first instance in which the Government has detailed its views regarding the availability of refunds, the preliminary injunction factors, or the merits of the dispute. In their opposition, Defendants argue that Plaintiffs are unlikely to succeed on the merits because the U.S. Trade Representative (USTR) lawfully promulgated List 3 and List 4A at the President's direction, that the public interest and balance of the hardships weigh in Defendants' favor because suspension of liquidation would interfere with Defendants' enforcement efforts and result in administrative burdens, and that Plaintiffs will not suffer irreparable harm because Plaintiffs supposedly delayed seeking relief and failed to prove financial harm that threatens their existence.

**II.      The Court Should Grant Plaintiffs Leave to File a Reply**

This Court has discretion to accept a reply brief for good cause. *See Hyundai Elec. & Energy Sys. Co. v. United States*, 477 F. Supp. 3d 1324, 1328 (Ct. Int'l Trade 2020); *Adee Honey Farms v. United States*, No. 16-127, 2020 WL 7497866, at *4 (Ct. Int'l Trade Dec. 21, 2020).

Good cause exists here. The Court traditionally has permitted the filing of a reply when the proposed reply, *inter alia*, (1) "aids the [C]ourt's understanding of the disagreement between the [p]arties" on the issue at bar, *Hyundai Elec. & Energy Sys.*, 477 F. Supp. 3d at 1329, (2) corrects a "misstatement in defendants' response," *Adee Honey Farms*, 2020 WL 7497866 at *4, or (3) advances the Court's interest in "hear[ing] all the parties' arguments expressed as thoroughly

and clearly as possible." *Rhodia, Inc. v. United States*, 240 F. Supp. 2d 1247, 1109 n.5 (Ct. Int'l Trade 2002) (internal quotation marks omitted).

Plaintiffs submit that their proposed reply will aid the Court's understanding of the disagreement between the parties on the issue of refunds, correct statements made in Defendants' opposition as to the governing law and operative facts, and provide a thorough and clear recitation of the arguments. Defendants' brief presents, for the first time in this litigation, Defendants' view of the merits regarding USTR's promulgation of List 3 and List 4A. Despite the very limited nature of the interim relief Plaintiffs seek and the fact that the Court has entered a lengthy briefing schedule for the parties' merits presentations, Defendants' opposition delves deeply into merits issues. Plaintiffs' proposed reply will aid the Court's understanding of the disagreement on the merits and respond to various erroneous legal arguments made for the first time in Defendants' brief. *See Adee Honey Farms*, 2020 WL 7497866 at *4; *Hyndai Elec. & Energy Sys.*, 477 F. Supp. 3d at 1329.

Moreover, prior to the filing of their opposition, Defendants had not fully explained their view of the law regarding the availability of refunds. Defendants' opposition raises arguments not addressed in Plaintiffs' Motion regarding the appropriateness of a preliminary injunction limited to the suspension of liquidation. Plaintiffs should have the opportunity to address these points before the Court resolves Plaintiffs' request for interim relief. *See Rhodia*, 240 F. Supp. 2d at 1109 n.5.

Finally, a reply would allow Plaintiffs to address Defendants' newly presented arguments regarding their alleged burden of compliance with any interim relief, as well as Defendants' alternative proposed order. That order imposes unreasonable terms for implementation of a

preliminary injunction. Plaintiffs believe that the Court would benefit from hearing all of the arguments on these issues before making its decision.

## **CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court grant this Motion.

Respectfully submitted,

Matthew R. Nicely
Pratik A. Shah
James E. Tysse
Devin S. Sikes
Daniel M. Witkowski
Sarah B. W. Kirwin

Dated: May 20, 2021

AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW
Washington, D.C. 20006

*Counsel to Plaintiffs HMTX Industries LLC, Halstead New England Corporation, Metroflor Corporation, and Jasco Products Company LLC*

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:    THE HONORABLE MARK A. BARNETT, CHIEF JUDGE
                  THE HONORABLE CLAIRE R. KELLY, JUDGE
                  THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

|  |  |
|---|---|
| *In Re* Section 301 Cases | Court No. 21-00052 |

### ORDER

Upon consideration of Plaintiffs' Motion and all other pertinent papers, it is hereby

**ORDERED** that Plaintiffs' Motion is **GRANTED**;

**ORDERED** that the Court accepts Plaintiffs' Reply; and it is further

**ORDERED** that the Court will deem Plaintiffs' Reply filed on May 20, 2021.

Dated: _____
       New York, NY

                                            Mark A. Barnett, Chief Judge

                                            Claire R. Kelly, Judge

                                            Jennifer Choe-Groves, Judge