UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE; CLAIRE R. KELLY, JENNIFER CHOE-GROVES, JUDGES

| | |
|---|---|
| IN RE SECTION 301 CASES | : Court No. 21-00052-3JP |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF A PRELIMINARY INJUNCTION LIMITED TO SUSPENSION OF LIQUIDATION**

Defendants, the United States *et al.*, respectfully submit this response to plaintiffs' motion for leave to file a reply in support of a preliminary injunction limited to suspension of liquidation (Pl. Mot). The Rules of the Court do not permit plaintiffs to file a reply absent leave of Court. U.S. Court of International Trade Rule 7(d). While we defer to the Court's discretion as to whether to grant plaintiffs' motion for leave, we highlight several points below.

First, plaintiffs' initial argument as to why a reply is warranted here — because our opposition "delve[d] deeply into merits issues," despite "the very limited nature of the interim relief" they seek — disregards the law. Pl. Mot. at 3. Plaintiffs should have anticipated a thorough treatment of the merits of the section 301 cases in our opposition, as likelihood of success on the merits is a factor that must be considered in deciding any motion for injunctive relief. *See Silfab Solar, Inc. v. United States*, 892 F.3d 1340, 1345 (Fed. Cir. 2018); *see also LG Elecs., Inc. v. U.S. Int'l Trade Comm'n*, 37 C.I.T. 1589, 1591 (2013), *as amended* (Dec. 27, 2013) (denying plaintiff's motion for leave to file a reply because "it did not raise any issue that *could not have been* or was not already addressed in its [opening motion]") (emphasis added). Plaintiffs made no effort in their motion to address any of the defenses articulated in our Master Answer, which put plaintiffs on notice of the issues that would need to be resolved in order to

demonstrate any likelihood of success on the merits.  In addition, plaintiffs have cited no authority suggesting that courts need not consider likelihood of success on the merits when the injunctive relief sought is "limited" in nature.  Moreover, plaintiffs' requested relief is not "limited," given the significant burden that it would impose on the Government.

Second, plaintiffs state that the Government's view of the law regarding the availability of refunds was not "fully explained" prior to our opposition, and that we raised arguments not addressed in their motion for a preliminary injunction.  Pl. Mot. at 3.  Plaintiffs' proposed reply, however, devotes two paragraphs to this law, citing cases already addressed in their motion for a preliminary injunction.  Proposed Reply, ECF No. 307-1 at 20-21.  While the proposed reply also addresses the "delay" argument raised in our opposition, plaintiffs could have addressed this in their motion for preliminary injunction, given that we previously raised the issue in the joint status report.  Joint Status Report, ECF No. 274 at 8.  Likewise, plaintiffs could have anticipated our other arguments related to irreparable harm, as it is well-established, among other things, that economic harm alone does not suffice to make the required showing.  *See* Proposed Reply at 23-24 (responding to arguments regarding the insufficiency of plaintiffs' showing of economic harm).  We defer to the Court's discretion as to whether plaintiffs' proposed reply on these points "aids the court's understanding of the disagreement between the [p]arties . . . ."  *Hyundai Elec. & Energy Sys. Co. v. United States*, 477 F. Supp. 3d 1324, 1328 (Ct. Int'l Trade 2020).

Finally, plaintiffs claim that a reply is warranted to address "newly presented arguments regarding [our] alleged burden of compliance with any interim relief," as well as our alternative proposed order, submitted in response to the Panel's suggestion at the April 26, 2021 status conference.  Pl. Mot. at 3.  However, in responding to these issues, plaintiffs misunderstand our position, declaring that "the fact that millions of entries *have already liquidated* does not

2

increase the Government's burden of complying with Plaintiffs' request to suspend liquidation," because the request would apply "on a prospective basis only." Proposed Reply at 25 (emphasis on "have already liquidated" added, emphasis on "prospective basis only" omitted). Indeed, as we explained in our opposition, plaintiffs' delay in raising issues of relief before the Court would increase our burden because, during this time, millions of entries "have been made" — meaning entries have been *imported*, not necessarily *liquidated*. Gov. Opposition at 3, 30; *see also id.* at 31-32 ("[s]uspending the liquidation of all future entries and *unliquidated past entries* at issue here" would impose a significant burden on CBP) (emphasis added). In support of this fact, we referenced the number of entries subject to the challenged section 301 tariffs that remained *unliquidated* as of March 31, 2021 — 4.9 million. *Id.* at 30-31. Plaintiffs' proposed response, therefore, is misguided. Indeed, the existence of 4.9 million unliquidated entries increases the burden on the Government if the Court orders the suspension of liquidation, as CBP anticipates that a significant number of these entries were filed by plaintiffs in the section 301 cases, *see* Declaration of Thomas Overacker, ECF No. 304-1 at ¶ 7(c), making them subject to a Court order. In addition, plaintiffs' proposed response to issues raised in our alternative proposed order is confined to a single footnote. Proposed Reply at 25-26, fn 4. We again defer to the Court's discretion as to whether plaintiffs' proposed reply "aids the court's understanding of the disagreement between the [p]arties." *Hyundai*, 477 F. Supp. at 1328.

                Respectfully submitted,

                BRIAN M. BOYNTON
                Acting Assistant Attorney General

                /s/ Jeanne E. Davidson
                JEANNE E. DAVIDSON
                Director

/s/ L. Misha Preheim
L. MISHA PREHEIM
Assistant Director

OF COUNSEL:

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge,
International Trade Field Office

MEGAN GRIMBALL
Associate General Counsel
PHILIP BUTLER
Associate General Counsel
EDWARD MARCUS
Assistant General Counsel
Office of General Counsel
Office of the U.S. Trade Representative
600 17th Street N.W.
Washington, D.C. 20508

/s/ Jamie L. Shookman
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
26 Federal Plaza, Room 346
New York, NY 10278
Tel: 212-264-2107
Fax: 212-264-1916

PAULA SMITH
Assistant Chief Counsel
EDWARD MAURER
Deputy Assistant Chief Counsel
VALERIE SORENSEN-CLARK
Attorney
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection
26 Federal Plaza, Room 258
New York, NY 10278

SOSUN BAE
Senior Trial Counsel
ANN C. MOTTO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

May 26, 2021

*Attorneys for Defendants*