

UNITED STATES COURT OF INTERNATIONAL TRADE
One Federal Plaza
New York, New York 10278-0001

CHAMBERS OF
MARK A. BARNETT
CHIEF JUDGE

June 14, 2021

Via CM/ECF

Re: *In Re Section 301 Cases*
Court No. 21-00052-3JP

Dear Counsel:

The court appreciates the efforts the parties have made to identify and address the relevant issues in their briefs. In preparation for the oral argument in this matter, scheduled for June 17, 2021, at 10:00 a.m., the court would like parties to be prepared to address the following questions. When questions are posed to specific parties, all parties participating in the hearing will be afforded the opportunity to comment.

Any inquiries about utilizing WebEx for the oral argument that were not otherwise addressed during this morning's test session should be directed to Geoffrey Goell, case manager, at (212) 264-2973 before the scheduled oral argument. I encourage you to address any technical issues with him and the court's information technology staff as soon as possible.

Questions for the Parties:

1. This case requires the court to consider the scope of its remedial authority pursuant to 28 U.S.C. § 2643. Subsection (c)(1) of that provision confers discretion on the court to decide what form of relief "is appropriate in a civil action." Please identify any cases in which the U.S. Court of Appeals for the Federal Circuit found that the CIT erred in its exercise of discretion as to appropriate relief and provide citations.

2. In light of Plaintiffs' position that this court has the authority to provide relief either by ordering reliquidation or a money judgment, please address how any uncertainty as to that authority establishes that Plaintiffs are *likely* to suffer irreparable harm in the absence of preliminary relief as articulated by the Supreme Court of the United States in *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008).

3. If the purpose of preliminary injunctive relief is to prevent the loss of something which cannot be remedied by a money judgment, does the Defendant's position

that the court cannot order reliquidation nor order a money judgment strongly support a finding of irreparable harm?

4.  While the Government indicates it would appeal any decision by this court that reliquidation is an available remedy pursuant to 28 U.S.C. § 2643(c)(1) in the event Plaintiffs prevail on the merits, please address the court's authority to instead enter a money judgment pursuant to 28 U.S.C. § 2643(a)(1).

Very truly yours,

/s/     Mark A. Barnett
Mark A. Barnett, Chief Judge
For the Panel