UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| IN RE SECTION 301 CASES | Before: Mark A. Barnett,<br>Claire R. Kelly and<br>Jennifer Choe-Groves, Judges<br>Court No. 21-00052 |

## ORDER

Upon consideration of Plaintiffs' motions, Defendants' response, Plaintiffs' reply, and all other pertinent papers, it is

**ORDERED** that Plaintiffs' motion for leave to file a reply is granted;[1] and it is further

**ORDERED** that Plaintiffs' Proposed Reply in Support of Plaintiffs' Motion for Preliminary Injunction Limited to Suspension of Liquidation, ECF No. 307-1, is deemed filed as of May 20, 2021; and it is further

**ORDERED** that Plaintiffs' motion for a preliminary injunction is granted as further provided for in this order; and it is further

**ORDERED** that, within 7 calendar days from the date of this order, Defendants shall meet and confer with the Steering Committee, on behalf of Plaintiffs, regarding the establishment of a repository by Defendants for Plaintiffs to identify, as further provided for in this order, any unliquidated entries of merchandise imported from the People's Republic of China by Plaintiffs HMTX Industries LLC, Halstead New England Corporation, Metroflor Corporation, and

---

[1] Chief Judge Barnett concurs in granting Plaintiffs' motion to file a reply.

Jasco Products Company LLC, and plaintiffs whose actions have been stayed pursuant to In re Section 301 Cases, Court No. 21-00052, that are subject to duties imposed pursuant to either Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation, 83 Fed. Reg. 47,974 (Sept. 21, 2018) (List 3), or Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation, 84 Fed. Reg. 43,304 (Aug. 20, 2019) (List 4A) ("Subject Entries" or "Subject Entry"); and it is further

**ORDERED** that, within 14 calendar days from the date of this order, Defendants shall establish a repository in which Plaintiffs may identify any Subject Entry, as further provided for in this order; and it is further

**ORDERED** that any Plaintiff requesting suspension of liquidation for a Subject Entry shall provide Defendants with

(i) Its full and correct Importer of Record (IOR) number(s), including suffix(es); and

(ii) The Court Number and filing date of the litigation in which it is a party, as well as its Center and team assignment, if known; and

(iii) The Entry Number and date of entry for each Subject Entry for which liquidation is to be enjoined in accordance with this order; and it is further

**ORDERED** that Defendants, together with their delegates, officers, agents, and servants, including employees of U.S. Customs and Border Protection, are enjoined during the pendency of this litigation, including any appeals, from liquidating any Subject Entry for which they receive a request for suspension of

liquidation pursuant to this order, unless, within 14 calendar days from the date Defendants receive a request for suspension of liquidation of a Subject Entry, Defendants, at their option, stipulate to refund any duties found to have been illegally collected for that specific Subject Entry and notify Plaintiffs of such stipulation promptly in a manner to be determined by the parties; and it is further

**ORDERED** that having had notice and a hearing on Plaintiffs' motion for a preliminary injunction, Defendants, together with their delegates, officers, agents, and servants, including employees of U.S. Customs and Border Protection, are temporarily restrained from the date of this order until 28 calendar days following the date of this order from liquidating any Subject Entry; and it is further

**ORDERED** that should any Subject Entry be inadvertently or mistakenly liquidated during the 28-day temporary restraint period despite this order, said Subject Entry shall be promptly returned to unliquidated status and subject to the terms of this order; and it is further

**ORDERED** that any Subject Entry for which liquidation is suspended under this order shall be liquidated in accordance with the final court decision in this action, including all appeals and remand proceedings; and it is further

**ORDERED** that any Subject Entry inadvertently liquidated by U.S. Customs and Border Protection in contravention of this order shall be promptly returned to unliquidated status and subject to the terms of this injunction; and it is further

**ORDERED** that the Parties shall appear before the court virtually at a Status Conference on July 13, at 2:30.

/s/ Claire R. Kelly<br>Claire R. Kelly, Judge

/s/ Jennifer Choe-Groves<br>Jennifer Choe-Groves, Judge

Dated: Tuesday, July 6, 2021
New York, New York