UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE; CLAIRE R. KELLY, JENNIFER CHOE-GROVES, JUDGES

|  |  |
|---|---|
| IN RE SECTION 301 CASES | : <br> : <br> : Court No. 21-00052-3JP <br> : <br> : |

## DEFENDANTS' PROPOSED MODIFICATIONS TO THE PRELIMINARY INJUNCTION ENTERED ON JULY 6, 2021

Defendants respectfully submit proposed modifications as detailed below. These modifications are being proposed under protest, as we oppose any preliminary injunction or temporary restraining order (TRO) and reserve our rights to appeal the Court's July 6, 2021 Order (Order). Notwithstanding our objections, we are endeavoring to comply with the Order. All of our proposed modifications reflect suggestions that will allow the Government to more efficiently implement the Order without compromising any party's interests, or the Court's directions.[1]

We first request extending the TRO period, such that it ends 30 days after the launch of the repository. We propose this modification to ensure that requests to suspend liquidation are made at least 30 days prior to the scheduled liquidation of entries covered by importers' requests, because CBP requires a minimum of 30 days to suspend the liquidation of entries that are otherwise scheduled to liquidate. Enlarging the TRO period by 30 days from the launch of the

---

[1] This submission addresses certain proposals made in Plaintiffs' Proposed Modifications to the Preliminary Injunction Entered on July 6, 2021 (Plaintiffs' Proposed Orders), filed earlier today. *See* ECF No. 343. This submission, however, should not be considered a complete response to Plaintiffs' Proposed Orders, and a lack of response to any specific proposal should not be interpreted as agreeing to that proposal. We are still conferring internally with respect to Plaintiffs' Proposed Orders and can submit a formal response at a later date, should the Court so require.

repository ensures that Subject Entries that are scheduled to liquidate less than 30 days from the date on which the repository is established will be covered by the TRO period.

In addition, we propose language that replaces the requirement for CBP to "promptly return[] to unliquidated status" any Subject Entries that liquidate during the TRO period. Specifically, we propose the following language: "in light of U.S. Customs and Border Protection's inability to identify the Subject Entries to be restrained from liquidation during the temporary restraint period, as well as its inability to promptly return to unliquidated status all Subject Entries that liquidate during this period, any Subject Entries that liquidate during the temporary restraint period in contravention of the Court's order shall be reliquidated at the conclusion of litigation, including all appeals, with a refund of any duties, if and to the extent such duties are found to have been unlawfully collected, and if the appellate court does not vacate any final remedial order by this Court to reliquidate entries."

This language reflects the difficulty CBP would face complying with the Order as currently drafted. First, CBP cannot identify all Subject Entries (as defined in the Order) that would be covered by the TRO, as it does not have importer of record numbers, which would be required (among other things) to identify Subject Entries, nor does CBP have an expedient way to compile this necessary information. Second, CBP only has the functionality to return liquidated entries to unliquidated status one entry at a time, and very few CBP personnel are knowledgeable and trained to utilize this very limited and extraordinary functionality, which is not provided for in any of CBP's statutory or regulatory authorities. This process is manual, labor-intensive, and it can only be performed by a very limited number of personnel. Thus, even if these individuals devoted their entire time to complying with this portion of the Order, it could not be completed "promptly," or at any time in the foreseeable future, given the volume of

entries that would need to be returned to unliquidated status.  Our proposed language thus involves the reliquidation of entries that liquidate during the TRO period, for reasons beyond the Government's control, rather than the return of entries to unliquidated status.  Ordering the reliquidation of entries that liquidate — either inadvertently or for reasons beyond the Government's control — in violation of the TRO, preserves the integrity of the Order, as the Government would otherwise not be able to comply with the TRO.

   As a point of clarification, the proposed change whereby entries that liquidate in violation of the TRO may be reliquidated at the conclusion of the litigation, if plaintiffs prevail on the merits, rather than returned to unliquidated status as originally ordered by the Court, is critical to our proposed enlargement of the TRO period.  If the Court were to extend the TRO period, without also relieving CBP of the obligation to return any Subject Entries that liquidate during this period to unliquidated status, it would only compound the burden on CBP and/or result in additional violations of the Order that CBP is simply unable to remedy.  Indeed, if the TRO period were extended *and* CBP had to manually return all of the Subject Entries that liquidate during this extended period to unliquidated status, CBP would have an even greater burden than exists under the Order as currently drafted.  Thus, if both proposals are not granted in conjunction with one another (specifically, (1) enlarging the TRO period and (2) requiring CBP to reliquidate in accordance with the Court's ultimate decision at the conclusion of litigation, following all appeals, any Subject Entries that liquidate during the TRO period, rather than returning them to unliquidated status), then we oppose any further extension of the TRO period.  In any case, we oppose plaintiffs' proposal to extend the TRO period to 90 days.  While a short enlargement is necessary to preserve the integrity of the Court's order, as we explain above, any extension beyond this period is not necessary.

We also do not agree to plaintiffs' proposal to provide either the Harmonized Tariff Schedule of the United States Chapter 99 tariff numbers under which plaintiffs import the Subject Entries that are subject to List 3 and/or List 4A Section 301 tariffs, *or* the specific entry numbers for which liquidation is to be enjoined.  As explained at our last status conference, we intend to file instructions for submitting to the repository requests for the suspension of liquidation of Subject Entries, which will specify the exact parameters and procedures that plaintiffs must follow to identify and request the suspension of liquidation of their Subject Entries pursuant to the Order.  The parameters will align with the information specified in the Order to be provided by the plaintiffs to CBP.  These parameters will also assist CBP in making mass updates to a large volume of entries, potentially for thousands of importers.  Allowing importers to instead pick and choose the information that they submit will lead to more delays, technical difficulties, and possibly the outright rejection of submissions by CBP's partially-automated system.

With all of this mind, we recognize that even once the registry is launched, errors may still occur, given the volume of requests that CBP may receive, and the myriad technical issues involved.  Therefore, we propose the following language: "that for any Subject Entry inadvertently liquidated after the temporary restraint period, for which U.S. Customs and Border Protection receives a proper and timely request to suspend liquidation under this Order that fully complies with the requirements of the Subject Entry repository to be established under this Order by defendants and approved by the Court, such Subject Entry shall be reliquidated at the conclusion of litigation, including all appeals, with a refund of any duties, if and to the extent such duties are found to have been unlawfully collected, and if the appellate court does not vacate any final remedial order by this Court to reliquidate entries."  Once again, this language is

necessary to preserve the integrity of the Court's order, for the same reasons explained above regarding compliance with the TRO.

Finally, defendants are making ongoing efforts to consider ways that the Order may be implemented more efficiently, without compromising any party's interests, or the Court's directions. Given these efforts to make the Order more workable, we will advise the Court if additional modifications are warranted.

                Respectfully submitted,

                BRIAN M. BOYNTON
                Acting Assistant Attorney General

                /s/ Jeanne E. Davidson
                JEANNE E. DAVIDSON
                Director

                /s/ L. Misha Preheim
                L. MISHA PREHEIM
                Assistant Director

| OF COUNSEL: | /s/ Justin R. Miller |
|---|---|
|  | JUSTIN R. MILLER |
| MEGAN GRIMBALL | Attorney-In-Charge, |
| Associate General Counsel | International Trade Field Office |
| PHILIP BUTLER |  |
| Associate General Counsel | /s/ Jamie L. Shookman |
| EDWARD MARCUS | Trial Attorney |
| Assistant General Counsel | Commercial Litigation Branch |
| Office of General Counsel | Civil Division |
| Office of the U.S. Trade Representative | Department of Justice |
| 600 17th Street N.W. | 26 Federal Plaza, Room 346 |
| Washington, D.C. 20508 | New York, NY 10278 |
|  | Tel: 212-264-2107 |
| PAULA SMITH | Fax: 212-264-1916 |
| Assistant Chief Counsel |  |
| EDWARD MAURER | SOSUN BAE |
| Deputy Assistant Chief Counsel | Senior Trial Counsel |
| VALERIE SORENSEN-CLARK | ANN C. MOTTO |
| Attorney | Trial Attorney |
| Office of the Assistant Chief Counsel | Commercial Litigation Branch |
| International Trade Litigation | Civil Division |

| | |
|---|---|
| U.S. Customs and Border Protection<br>26 Federal Plaza, Room 258<br>New York, NY 10278 | Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044 |
| July 20, 2021 | *Attorneys for Defendants* |