UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE MARK A. BARNETT, CHIEF JUDGE
          THE HONORABLE CLAIRE R. KELLY, JUDGE
          THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

_____
                                                  :
                                                  :
*In Re* Section 301 Cases                         :   Court No. 21-00052
                                                  :
_____:

## PLAINTIFFS' RESPONSE TO DEFENDANTS' DRAFT REPOSITORY INSTRUCTIONS

Since the Court entered a preliminary injunction in this appeal on July 6, 2021, members of the Plaintiffs' Steering Committee have worked in earnest with Defendants to establish parameters to implement the Court's order that would minimize the burden for all parties. Despite our efforts to reach a solution that works for both sides, there remains a regrettable and significant gap between Plaintiffs and Defendants.

Pursuant to the instructions provided by the Court in the status conference held on Friday, July 23, 2021, Defendants shared their draft repository instructions with the Steering Committee on Tuesday, July 27. The next day, Plaintiffs' Steering Committee shared with Defendants Plaintiffs' numerous concerns with these draft instructions. Moreover, on Thursday, July 29, and Friday, July 30, Steering Committee members met with Defendants to discuss these concerns and propose alternative approaches. We understand that Defendants are considering our comments, but have submitted to the Court largely the same draft instructions sent to us earlier this week. As such, we reproduce here the comments we have provided to Defendants for the Court's consideration as well, the goal of which is to propose alternative solutions and to comment on the specific details of what Defendants have proposed. **Attachment 1** contains Plaintiffs' concerns with the draft repository instructions submitted by Defendants. **Attachment 2** contains a slide

presentation by Plaintiffs demonstrating that Defendants could easily extract the necessary information for its repository using data already housed within U.S. Customs & Border Protection's Automated Commercial Environment ("ACE"). Utilizing data within ACE – which is the presumptively accurate source for all of the relevant import data – would significantly decrease the likelihood of erroneous liquidations and other errors that may arise under Defendants' proposed approach.

* * *

Plaintiffs appreciate the Court's attention to this important issue and stand ready to meet with the Court to discuss our concerns and our proposal.

Respectfully submitted,

<u>/s/ Matthew R. Nicely</u>
Matthew R. Nicely
Pratik A. Shah
James E. Tysse
Devin S. Sikes
Daniel M. Witkowski
Sarah B. W. Kirwin

AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW
Washington, D.C. 20006

*Counsel to Plaintiffs HMTX Industries LLC, Halstead New England Corporation, Metroflor Corporation, and Jasco Products Company LLC*

Date: July 30, 2021

# ATTACHMENT 1

## STEERING COMMITTEE'S CONCERNS WITH DEFENDANTS' DRAFT REPOSITORY INSTRUCTIONS

Plaintiffs' Steering Committee sets forth below their numerous concerns with Defendants' draft repository instructions. The Steering Committee shared these concerns with Defendants on Wednesday, July 28.

The key overarching concern is that the proposed instructions create a massive amount of work for both Plaintiffs and U.S. Customs & Border Protection ("CBP"). CBP will have to process thousands of emails and spreadsheets on a monthly basis, creating more work than should be necessary for all involved parties, well beyond what the Court imagined in its July 6, 2021 preliminary injunction order ("Order"). The amount of time and resources (and inevitably money) that it will cost for the importers and CBP to follow the instructions and implement suspension is significant. Instead, Plaintiffs respectfully submit that it would be more sensible to do as follows:

- Agree to a stipulation that, if Plaintiffs' claims are successful, reliquidation and refund will be available for all entries that liquidate since July 6, 2021;

- In the alternative,

  - with respect to already-filed entries unliquidated as of July 6, 2021, CBP should design its own query using Plaintiffs' importer of record ("IOR") numbers to pull the necessary information from its Automated Commercial Environment ("ACE") system (to which not all IORs have access); and

  - with respect to future entries, CBP should establish a mechanism for allowing IORs to identify the entries during the entry submission process, such as creating a new entry type, Special Program Indicator, or other "flag" that the IORs could use to designate the entry summary as subject to suspension under the Order. This would eliminate the need for periodic updates (30-day or otherwise) contemplated by the instructions.

Plaintiffs recognize that CBP may need additional time to implement these alternatives, and would readily agree to any reasonable extension of the temporary restraint period to allow such time.

Turning to the draft instructions themselves, Plaintiffs have the following specific comments. These comments reflect input from seasoned members of the Steering Committee who have decades of experience with CBP's ACE system.

- The instructions are unnecessarily complicated. They require importers to submit code-like syntax that must be executed precisely. If an IOR does not meet the exact requirements or its request contains a typographical error, there is no assurance that CBP will ultimately allow suspension of those entries. This level of intricacy does not align with the Order, which requires that CBP effectuate the injunction based on a specific data set provided by Plaintiffs. Requiring Plaintiffs to submit this intricately formatted code puts too much responsibility on Plaintiffs to implement the injunction.

1

- CBP is establishing a two-pronged deadline for requesting suspension: filings must occur on the 3rd Monday of every month and no less than 30 days prior to the date on which the entry is "scheduled to liquidate."  The need to file on a specific date each month is arbitrary and not contemplated by the Order.  It may also be unworkable given the extent to which customs brokers will be doing these filings for multiple Plaintiffs.  And the deadline of filing at least 30 days prior to "scheduled liquidation" is unclear.  Plaintiffs assume the scheduled liquidation date means 314 days after entry for Type 1 entries, but CBP should clarify this in its instructions.  It should also address what this means for non-Type 1 entries.  Even once clarified, liquidations often occur prior to whatever CBP is referring to as the "scheduled" date.  As such, for normal entries, assuming this 30-day deadline holds, it is unclear whether CBP is committing to never liquidating any List 3 and 4A entry prior to 284 days after entry (i.e., 30 days prior to 314 days after entry).

- It is also unclear what consequence will occur if the IORs do not meet the detailed requirements or arbitrary deadlines.  Plaintiffs assume that, unless Defendants otherwise stipulate, CBP will consider any entries submitted after the proposed deadline outside of the Order's scope and, therefore, not suspend liquidation for them, but this would be inconsistent with the intent of the Order.

- The proposed instructions also create numerous additional obligations that the Order did not envision, including the following:

    - Certain data reporting obligations – specifically, the CBP Center of Excellence and Expertise ("CEE") name and control team – were identified by the Order as optional ("if known"), but the instructions now make this information mandatory.  This is not an entry summary data element, and many importers do not even know the meaning or relevance of the CEE or the relevant control team.

    - The instructions also require IORs to submit the information in two manners (via email and DIS), when the Order only contemplated a single repository.

    - The instructions propose that the IORs must verify in CBP's Official Notice of Extension, Suspension, and Liquidation Bulletin that suspension of liquidation was achieved and, if not, that the IOR has the obligation to engage CBP.  Requiring importers, who presumably received a confirmation email, to check the Bulletin Notice for liquidation is making importers conduct quality control for CBP when CBP should have a means of ensuring that it has fully complied with the Order.  Importers who wish to confirm in the Bulleting Notices can do so, but it should not be a requirement to ensuring that CBP has complied with the Order.

- The draft instructions also leave unanswered several additional questions. Plaintiffs identify below points that Defendants should clarify or fix:

- The draft instructions do not answer what IORs need to do with respect to entries that liquidated since July 6th or other entries that are not properly suspended after receiving the IOR's information. The IORs need an efficient method to deal with these entries and know with certainty that they are in the universe of entries on which the Court can order relief, in the event that Plaintiffs succeed.

- The instructions do not address how an IOR should obtain the necessary information if its broker cannot extract the information from relevant data sources, including, but not limited to, ACE. Does CBP intend to have a dedicated help desk to assist such IORs? And, how quickly could IORs expect to receive such assistance?

- The sample email confirmation explains that IOR submitted emails and attachments may not be considered "correct/acceptable." In the event that a rejection occurs, the instructions need to specify how much time the IOR will have to remedy the issues (and the rejection needs to specify the problem(s)).

- There needs to be some consideration of how suspension will work with reconciliation and drawback, considering that the litigation may require suspension for a longer time than, for example, the typical 21-month reconciliation period.

- The draft instructions say that the email subject line must include a "cumulative" batch number, but it is not explained what cumulative means. Plaintiffs assume this is simply a sequential number, and that the so-called cumulative batch number in the spreadsheet is the same number in the email subject line, but this should be clarified.

- In the event that a broker is submitting the email for an IOR, it is unclear who the "transmitter" and the "POC" is (is it the customs broker or the IOR?).

- The draft instructions do not clarify if the 5,000-row limit includes the header row.

3

# ATTACHMENT 2

# July 6, PI Order Requirements
## vs.
## CBP Requirements –

**Court's PI Order**
- IOR #
- Court # and filing date
- Center + team assignment **if known**
- Entry #
- Entry Date

**CBP Proposed Requirements**
- IOR #
- Court # and filing date
- **Center ID Name + Control Team**
- Entry Summary #
- Entry Date
- Must know scheduled liquidation date

*CBP makes Center and Team mandatory, adds other requirements*

# Additional Requirements/Concerns

- Note complex syntax required
- Arbitrary filing date of 3rd Monday
- Arbitrary 30 days before scheduled liquidation
- Manual and repetitive check of Liquidation Status Bulletin
- No clear recourse for errors or omissions

```
From:        SARDESAI, SHAILESH S (CTR)
To:          DOCS
Subject:     CAT=CIT; CIT_BATCH_NBR=21-00051-003; ACTION=ADD
Date:        Monday, July 26, 2021 1:09:00 PM
Attachments: CBP160-301_litigation_54-123456789_Batch_003.xlsx
```

```
START_DATA
AGENCY_CD=CBP
TRANSMITTER_FILER_CD=123
TRANSMITTER_NAME=Smith Brokerage Firm
CENTER_TEAM=AAA
IOR_NBR =54-123456789
POC_INFO=John Smith, 202-123-4567
COMMENT=NBR 20-00177. ENTRIES SCHEDULED TO BE LIQUIDATED IN 30 DAYS. PLEASE PRIORITIZE.
RETURN_EMAIL_ADDRESS=JOHN.SMITH@YAHOO.COM
END_DATA
```

John Smith
**SMITH BROKERAGE FIRM**
651 Washington Ave.
Washington, DC 20001
202-123-4567
JOHN.SMITH@YAHOO.COM

DRAFT

# Importers not on ACE need to review 7501s manually and identify any with 9903.88.03, etc. tariff codes

| 27. Line No. | 28. Description of Merchandise | | | 32. | 33. | 34. Duty and I.R. Tax | |
|---|---|---|---|---|---|---|---|
| | 29. A. HTSUS No. B. ADA/CVD No. | 30. A. Grossweight B. Manifest Qty. | 31. Net Quantity in HTSUS Units | A. Entered Value B. CHGS C. Relationship | A. HTSUS Rate B. ADA/CVD Rate C. IRC Rate D. Visa No. | Dollars | Cents |
| | | | 162 CTN | | | | |
| 001 | ARTICLE OF CHINA, US NTE 20(F) 9903.88.03 CNDCTR W/CNTR <=1000V, OTHER 8544.42.9090 | 1,942 KG | X | $9,546 C $1 N | 10% 2.6% | $954.60 $248.20 | |
| | 499 - Merchandise Processing Fee 501 - Harbor Maintenance Fee | | | | 0.3464% 0.1250% | $33.07 $11.93 | |

Then identify Center, Team, and scheduled liquidation date – which are not readily available data points and are manual lookups

# Sample spreadsheet per CBP Instructions

| Importer Number: XX-XXXXXXXXX or XXXXXX-XXXXX, including suffixes, if relevant, e.g., 01, LA, TX | Importer Specific Court Order Number: including dash e.g., 21-00052 | Litigation Filing Date: MM/DD/YYYY | Center ID Name: | Control Team Number: 3-digit code | Entry Summary Number: 11-digit with filer code no dash | Entry Date: MM/DD/YYYY |
|---|---|---|---|---|---|---|
| 11-digit code | 21-00052 | MM/DD/YYYY | ex: Base Metals | AAA | 11-digit code | MM/DD/YYYY |

DRAFT

# CBP Has Many Canned Reports Available in ACE – Each Tab Below Has Different Reports That Can be Run – Note the Trade Remedy Tab



# *CBP Can Use a Modified TR-005 to Generate Data Required to Suspend Entries*

- CBP Regularly Creates New Reports in ACE – so adding a new one/modifying the existing TR-005 is not unreasonable to ask of CBP



# Only Need IOR #s To Generate Report



# 4 of the Required Data Elements Are On Existing TR-005 Report: Entry #, Entry Date, CEE, Team #



# CBP Can Modify This Existing Report to Add Liquidation Status

# Benefits of Relying on a Modified TR-005

- Already Includes
  - Entry Number
  - Entry Date
  - Center
  - Team
- Plaintiffs can provide IOR, Court No., and Summons Date
- Gives CBP all the data necessary to suspend
- Balances burdens
- Complies with Rule 1 goal of efficient and inexpensive resolution of the issue

# Alternative: Create a Report for Plaintiffs

- If CBP cannot (or will not) rely on its ACE data and capabilities, it should create an ACE report that generates the requested data in exactly the format CBP wants

- Plaintiffs or their brokers can run that new report and email it to the Center (or upload directly) for CBP to process

- Also, CBP should create an ACE report that allows importer-plaintiffs to verify that CBP has suspended liquidation.  Otherwise, importer-plaintiffs will have to verify the status of each entry individually through the Official Notice of Extension, Suspension and Liquidation web page, which is likely to be a practical impossibility for many plaintiffs.