UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE; CLAIRE R. KELLY; JENNIFER CHOE-GROVES, JUDGES

|  |  |
|---|---|
| IN RE SECTION 301 CASES | : Court No. 21-00052-3JP |

**DEFENDANTS' STATUS REPORT**

Defendants, the United States *et al.*, respectfully submit this status report to notify the Court of a decision by the Government to accept the alternative proposal set forth in the Court's preliminary injunction of July 6, 2021 (the "preliminary injunction" or "Order"). Previously, we advised the Court that, while we appreciated the proposal and the sensitivity of the burdens imposed by suspension of liquidation on such a mass scale, we did not intend at that time to utilize the stipulation proposal. After seven weeks of concerted efforts to implement a system to suspend the unprecedented volume of entries, however, it has become apparent that it is not possible. The resources required to adapt existing systems, designed for very different purposes, to suspend liquidation on this scale do not exist, and the consequences of attempting to comply with the preliminary injunction through suspension of liquidation would be catastrophic for U.S. Customs and Border Protection's (CBP) many other critical functions.

Accordingly we have concluded that the only possible option for compliance with the preliminary injunction is to adopt the Court's proposal. As explained below, CBP will still establish the Repository, and will use the same procedures as previously described for any plaintiffs to follow for their entries. Rather than attempting to suspend liquidation, however, we will "stipulate to refund any duties found to have been illegally collected," in response to a

request from a plaintiff to suspend the liquidation of their Subject Entries.[1] Order at 2-3 (the "Court's Alternate Proposal").

We have conferred with plaintiffs and understand that they will be filing a response to this status report tomorrow.

Below, we first explain our decision to accept the Court's Alternate Proposal, namely, that it is necessary to comply with the preliminary injunction. We then provide a detailed explanation outlining how we propose to implement the Court's Alternate Proposal. Finally, the attached Appendix sets forth updated draft Repository Instructions to assist plaintiffs in submitting lists of entries to CBP.

**INTRODUCTION**

After seven weeks and countless hours of work, it is clear that accepting the Court's Alternate Proposal is the only feasible way for the Government to comply with the Court's Order. As we previously explained to the Court, suspending the liquidation of potentially millions of Subject Entries would have been a monumental task for CBP, requiring significant resources from an agency with limited resources and myriad competing priorities. Many individuals within CBP have strived to quickly develop a workable process for suspending the liquidation of millions of entries. As we relayed to the Court in status conferences and numerous Court submissions, those individuals considered every possible option, including using existing functions in CBP's Automated Commercial Environment (ACE), as well as creating new automated processes.

Despite CBP's efforts, we have determined that suspending the liquidation of millions of entries is not possible, because it would impose too large a burden on the agency and disrupt too

---

[1] This term has the same definition provided in the Court's preliminary injunction order of July 6, 2021.

many of its core functions. Indeed, even if the Court were to accept all of our proposed modifications to the Order, the suspension of liquidation of Subject Entries would likely result in repeated violations of the preliminary injunction, and the effort to seek to comply with the Order would come at the expense of CBP's broader mission.

Because it is not possible for CBP to comply with the Court's order by suspending the liquidation of Subject Entries, we have no option but to accept the Court's Alternate Proposal. Below, we provide a detailed explanation of how we intend to implement this option. The process we propose is, in many respects, similar to the process we previously proposed for effectuating the suspension of the liquidation of Subject Entries. Indeed, as the Court's Order outlined, both processes require plaintiffs to submit lists of entries to the Repository, formatted in Excel sheets according to specific instructions from CBP.

However, the process outlined below will eliminate the need for CBP to run mass updates in ACE for all of the entries placed in the Repository, which would have been required to effectuate the suspension of liquidation for potentially millions of Subject Entries. As explained in previous Court submissions and status conferences, this process would have been extremely resource-intensive for CBP, because it would have entailed manually addressing any flags and errors that arose in running the thousands of mass updates in ACE for the thousands of plaintiffs in the Section 301 cases. This, in turn, would have required individuals at the appropriate CBP Center of Excellence and Expertise (Center) to engage in back-and-forth communications with thousands of plaintiffs regarding any issues affecting the entries for which they had requested suspension of liquidation. In addition, by accepting the stipulation proposal, CBP will not be required to liquidate all Subject Entries within six months following the conclusion of litigation, as required by 19 U.S.C. § 1504(d) (requiring CBP to liquidate entries within 6 months after "a

suspension required by statute or court order is removed"), thereby avoiding the risk that entries shall be deemed liquidated.

Plaintiffs' burden will also be lessened by the Government adopting the Court's Alternate Proposal. For example, plaintiffs who would have otherwise submitted requests to suspend the liquidation of their entries will not have to track whether suspension was in fact effectuated by CBP. Likewise, plaintiffs will not have to address the consequence of CBP liquidating any entries that were included in a request to suspend liquidation.

Finally, we still maintain that reliquidation is not generally available as a remedy in actions brought pursuant to 28 U.S.C. § 1581(i), except when it is necessary to enforce and protect the integrity of the Court's own judgments or orders. Consistent with this view, we are accepting the Court's Alternate Proposal because it is the only way the Government can comply with the preliminary injunction. We reserve our right to appeal the issue of whether reliquidation is available as a form of relief in section 1581(i) actions, including in the Section 301 cases, with respect to any entries that are not subject to the Order.

**OVERVIEW OF IMPLEMENTATION OF COURT'S STIPULATION PROPOSAL**

As required by the Court's preliminary injunction, CBP has established a Repository within ACE's Document Imaging System (DIS). Our previously filed draft Repository Instructions guided plaintiffs on how to submit requests for the suspension of liquidation of their Subject Entries into this Repository. *See* Defendants' Status Report, ECF No. 354. Although we no longer intend to suspend the liquidation of any Subject Entries, we still anticipate plaintiffs submitting lists of their entries into the Repository, as required by the Court's preliminary injunction order. Thus, we provide updated draft Repository Instructions in the attached Appendix that are similar in many respects to our prior draft, especially in that they require

plaintiffs to submit their lists of Subject Entries in Excel spreadsheets, formatted in accordance with specific requirements.

In addition, consistent with the prior draft of our Repository Instructions, we propose requiring plaintiffs to transmit their Excel spreadsheets to DIS in one of two ways, either (1) through a system-to-system transmission, or (2) via email. In either instance, the submission must be accompanied by an email to the appropriate Center. *See* Joint Status Report of August 9, 2021 (Joint Status Report), ECF No. 365 at 11-13 (discussing requirement for simultaneous transmission to DIS and email to a plaintiff's designated Center) and 10 (explaining how plaintiffs can identify their Center if it is unknown).

With respect to transmitting to DIS via email, the email would have similar syntax requirements as those set forth in our previous draft Repository Instructions. *See* Joint Status Report at 11-12. In addition, the Excel spreadsheet that plaintiffs are required to submit must still contain the data elements set forth in Section III.f of the updated draft Repository Instructions, but plaintiffs are no longer required to limit their spreadsheets to 5,000 rows.

As far as creating the required Excel spreadsheets, as explained in the Joint Status Report, functionality exists for plaintiffs (or their counsel or brokers) to use ACE reports to pull the necessary data for their entries. *Id.* at 5-6. In addition, CBP has made a new ACE report available to plaintiffs (or their counsel or brokers). This report is similar to the report described in the Joint Status Report, in that it pulls information for all of a plaintiff's Subject Entries for which the liquidation status is either "unliquidated" or "suspended." *Id.* at 6-7.

In addition, instead of requiring that submissions be made "a minimum of 30 days in advance of the scheduled liquidation date for the Subject Entries, if known," as we previously proposed, our updated draft Repository Instructions only require that submissions be made "in

advance" of an entry's liquidation.  We are also proposing that plaintiffs submit lists of entries on a quarterly basis.

Once CBP receives an Excel spreadsheet of entries from a plaintiff, in lieu of suspending the liquidation of those entries, it will instead stipulate to refund any duties if and to the extent such duties are found to have been illegally collected at the conclusion of this litigation, including all appeals.  We request that the Court modify its preliminary injunction order to allow 30 days (instead of 14 days, as currently ordered) from the date CBP receives a submission to notify the plaintiff of the stipulation.

CBP will notify the plaintiff of the stipulation by responding to the email sent to the Center in conjunction with that plaintiff's submission of its Excel spreadsheet of entries to the Repository.  CBP's response will set forth the terms of the stipulation, which will include criteria for determining whether the stipulation applies to any specific entry contained in a plaintiff's Excel spreadsheet of entries, as explained below.  We have drafted proposed stipulation language, which we set forth in Section V of the updated draft Repository Instructions.

CBP will be unable to verify upon submission that all of the entries included in a plaintiff's Excel spreadsheet of entries constitute unliquidated Subject Entries, given the thousands of plaintiffs that may make submissions, and the possible millions of entries covered by those submissions.  However, the terms of the stipulation that we propose clarify that a stipulation only covers "Subject Entries" that were unliquidated at the time of a plaintiff's submission into the Repository, and for which Section 301 duties are later found to have been illegally collected.  In addition, the updated instructions require each submission to be designated with a sequential "batch number," to distinguish it from other "batches," or submissions, made by the same plaintiff.  A stipulation will therefore cover a specific "batch" of entries meeting the

above criteria — *i.e.,* "Subject Entries" that were unliquidated at the time of a plaintiff's submission, and later found to have been illegally collected.

Thus, the stipulation that we propose is conditional upon a final determination that the Section 301 duties in the Subject Entries have been "illegally collected." Order at 3. As a result, any entries submitted by plaintiffs into the Repository that are not unliquidated "Subject Entries," or for which Section 301 duties are not found to have been "illegally collected," will not be covered by the terms of a stipulation.

## CONCLUSION

In sum, we appreciate the many hours spent by the Court, counsel, and CBP in trying to implement a process for the suspension of liquidation of Subject Entries. However, after exhaustive efforts to establish a system to suspend liquidation on this unprecedented scale, we have determined that the Court's Alternate Proposal is the only possible way for the Government to comply with the preliminary injunction order. Consistent with that proposal, we will therefore agree to stipulate to reliquidation of any Subject Entries that have not yet liquidated.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

/s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

/s/ L. Misha Preheim
L. MISHA PREHEIM
Assistant Director

OF COUNSEL:

/s/ Justin R. Miller
JUSTIN R. MILLER
MEGAN GRIMBALL                Attorney-In-Charge,
Associate General Counsel       International Trade Field Office
PHILIP BUTLER

Associate General Counsel
EDWARD MARCUS
Assistant General Counsel
Office of General Counsel
Office of the U.S. Trade Representative
600 17th Street N.W.
Washington, D.C. 20508

PAULA SMITH
Assistant Chief Counsel
EDWARD MAURER
Deputy Assistant Chief Counsel
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection
26 Federal Plaza, Room 258
New York, NY 10278

August 30, 2021

/s/ Jamie L. Shookman
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
26 Federal Plaza, Room 346
New York, NY 10278
Tel: 212-264-2107
Fax: 212-264-1916

SOSUN BAE
Senior Trial Counsel
ANN C. MOTTO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

# APPENDIX

# UPDATED DRAFT REPOSITORY INSTRUCTIONS

I. **Overview**

The following detailed instructions apply to importers submitting to the Repository their list(s) of entries for which defendants will stipulate (*i.e.*, agree) to refund any duties if and to the extent such duties are found to have been illegally collected at the conclusion of this litigation, including all appeals, pursuant to the preliminary injunction order issued by the Court of International Trade ("CIT") on July 6, 2021 in Master Case Number 21-00052-3JP ("Subject Entries").

We recommend that each importer provide its list of Subject Entries on a quarterly basis. Importers are responsible for ensuring that all entries submitted through the repository are subject to this court order. Importers must submit their list(s) of entries via **both** (1) the Automated Commercial Environment (ACE) Document Imaging System (DIS) **AND** (2) email to the appropriate Center of Excellence and Expertise's (Center's) CIT mailbox.

II. **Transmission Requirements**

    a. **Required Transmission #1 – Submission to DIS**
    **Note:** This transmission must be made in advance of the liquidation date for Subject Entries.

    Importers have two options for submitting the 301 repository Excel workbooks via DIS: (1) via XML - electronically through secure web services, file transfer protocol, or messaging queue, **or** (2) via email to docs@cbp.dhs.gov. For general guidance on how to use DIS, importers should review the ACE DIS Implementation Guide.

        i. **DIS Option 1: XML** – Importers submit 301 repository spreadsheets via DIS through secure web services, file transfer protocol, or messaging queue. When using XML, importers will use the unique DIS Document Label Code, "301_Litigation_Spreadsheet" to identify the 301-repository spreadsheet. If using the DIS XML option, importers must also submit a separate email to the appropriate Center's CIT mailbox (see email instructions in section b. below).

       ii. **DIS Option 2: Email** – Importers submit 301 repository spreadsheets via DIS email to docs@cbp.dhs.gov. Importers do not need ACE access to submit via DIS email. When using DIS email, importers will use the

unique DIS DocCode "CBP160" to identify the 301-repository spreadsheet. Importers submitting via DIS email will carbon copy (CC) the appropriate Center's CIT mailbox (see email instructions in section b. below).

**Note:** The following formatting instructions for the DIS Email option must be all uppercase and <u>followed exactly</u>. The sender must keep the confirmation email for verification. If no confirmation email is received within the hour, please resubmit.

- The subject line of the email must read precisely as follows: "CAT=CIT; CIT_BATCH_NBR=21-00052-001; ACTION=ADD"
    - CAT must always equal CIT for the Court of International Trade 301 litigation category.
    - CIT_BATCH_NBR must reflect the master court number (21-00052 and the batch number as identified by the importer on a cumulative basis, beginning with 001, 002 etc.).
    - The body of the email must include the text below.
    **Note:** Underlined text represents examples; the precise text is to be filled in by the importer and **should not** be underlined when transmitting the message. Italicized text represents instructions and **should not** be included in the transmission.

```
        START_DATA
AGENCY_CD=CBP
TRANSMITTER_FILER_CD=123
```
*Conditional (Required for Filers with valid filer codes)*
```
TRANSMITTER_NAME=Smith Brokerage Firm
```
*Mandatory (Name of company)*
```
CENTER_TEAM=AAA
```
*Conditional (Required when responding to Centers)*
*Enter Entry Summary Control Team Number*
```
Importer of Record (IOR)_NBR=54-123456789
```
*Required*
```
POC_INFO=John Smith, 202-123-4567
```
*Required (Name and Phone Number)*
```
COMMENT=NBR 20-00177, 9/10/2020
```
*Required (Enter importer-specific case number, and court filing date.)*
*Further comments may also be included.*
```
RETURN_EMAIL_ADDRESS=JOHN.SMITH@YAHOO.COM
```
*Conditional (Enter if different than sender's email address)*

2

END_DATA

    **b. Required Transmission #2 – Email to appropriate Center's CIT mailbox**
**Note:** This transmission must be made in advance of the liquidation of the Subject Entries.

Importers transmitting data via DIS Option 1: XML, must send a separate email to the appropriate Center's CIT mailbox with an attached Excel workbook containing one or more spreadsheets of Subject Entries (see spreadsheet requirements below). Importers transmitting data via DIS Option 2: Email, must CC the appropriate Center's CIT mailbox when submitting the email to DIS.

Center CIT mailboxes are as follows:

| |
|---|
| CEE-CIT-Agriculture@cbp.dhs.gov |
| CEE-CIT-Apparel@cbp.dhs.gov |
| CEE-CIT-Automotive@cbp.dhs.gov |
| CEE-CIT-Basemetals@cbp.dhs.gov |
| CEE-CIT-Consumer@cbp.dhs.gov |
| CEE-CIT-Electronics@cbp.dhs.gov |
| CEE-CIT-Industrialmaterials@cbp.dhs.gov |
| CEE-CIT-Machinery@cbp.dhs.gov |
| CEE-CIT-Petroleum@cbp.dhs.gov |
| CEE-CIT-Pharmaceuticals@cbp.dhs.gov |
| CEE-CIT-SanJuan@cbp.dhs.gov |

**III.  Spreadsheet Requirements**

Both required transmissions, (1) DIS and (2) email to the Center's CIT mailbox, must include an attached Excel workbook containing one or more spreadsheets with the following information for covered entries.
    c. <u>Each Excel workbook must be limited to entries for one importer.</u>
    d. <u>The file size is limited to 10MB.  Multiple worksheets for the same importer can be included in a single Excel workbook.</u>
    e. The file name for the 301 repository Excel workbook will be comprised of the following information including dash, underscores and no additional spaces: "CBP160-301_litigation_54-123456789_Batch_001.xlsx".
        i. CBP160-301_litigation_: These characters will remain constant for all 301 repository spreadsheet file names from all importers.
        ii. 54-123456789: The IOR number is importer specific and should be limited to one IOR number in the file name.
        iii. Batch_001: This batch number is sequential by importer on a cumulative basis, beginning with 001.

  f. The required data elements are provided in the attached Excel spreadsheet template and detailed below:
    i. Column A: Importer Number
- Enter the IOR number including appropriate dash (-) in either XX-XXXXXXXXX, XXXXXX-XXXXX or XXX-XX-XXXX format. IOR numbers should include suffixes, if relevant.

    ii. Column B: Center ID Name
- Enter the Center name or, if applicable, San Juan, Puerto Rico.

    iii. Column C: Control Team Number
- Enter the entry summary control team number.

    iv. Column D: Entry Summary Number
- Enter the relevant 11-digit entry summary number <u>without</u> dashes.

    v. Column E: Entry Date
- Enter the date in MM/DD/YYYY format.

## IV. Points of Contact

Please contact traderemedy@cbp.dhs.gov for any questions regarding the repository submission process.

## V. Proposed Stipulation Language

We acknowledge your request made in accordance with the court's Order dated July 6, 2021 in Court No. 21-00052, In Re Section 301 Cases (the "Order), that liquidation of the entries identified on the spreadsheet included with your submission to the Repository be suspended.

Pursuant to the seventh paragraph of the Order, Defendants opt to stipulate to refund to the importer any Section 301 duties that are found to have been illegally collected under List 3 and/or List 4A. For the purposes of this Stipulation, "Subject Entries" shall have the meaning set forth in the court's July 6, 2021 order. This Stipulation applies to Subject Entries included on the spreadsheet submitted into the Repository, provided that: (i) the entries were not liquidated as of the date the request was submitted to CBP, (ii) the importer identified by the Importer of Record number associated with the entries in the spreadsheet is a proper party entitled to a refund, and (iii) the Section 301 duties are not otherwise refunded prior to such final decision.