UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE
 THE HONORABLE CLAIRE R. KELLY, JUDGE
 THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

|  |  |  |
|---|---|---|
| *In Re* Section 301 Cases | : | Court No. 21-00052 |

**PLAINTIFFS' RESPONSE TO GOVERNMENT'S AUGUST 30 STATUS REPORT**

Plaintiffs submit this response to the Government's status report filed yesterday. Plaintiffs are pleased to see that the Government has "agree[d] to stipulate to reliquidation of any Subject Entries that have not yet liquidated." Gov't Status Report at 7. As the Court knows, that has been Plaintiffs' suggested approach since the issuance of the July 6 Preliminary Injunction ("PI") Order.

At the same time, however, the Government proposes that Plaintiffs *still* be required to make ongoing, entry-by-entry requests for suspension of liquidation to trigger the benefits of the stipulation. The Government offers no rationale for that bewildering position, and none exists. The Government instead points to the framework that this Court set up in its original July 6 PI Order. But that framework was premised on the notion that the Government would exercise its discretion to stipulate to reliquidation on an *entry-by-entry basis*; it did not contemplate the sort of *categorical* "stipulat[ion] to reliquidation of any Subject Entries that have not yet liquidated" that the Government now embraces. In light of the changed circumstances, this Court should eliminate any make-work burden on Plaintiffs (or the Government for that matter) that serves no purpose in facilitating the proposed stipulation.

I.      **Plaintiffs' Proposed Modification**

**Attachment 1** contains a redline of the Court's original preliminary injunction order, showing the changes Plaintiffs propose to simplify and implement the stipulation contemplated in the Court's original PI Order to cover all Subject Entries (not yet liquidated as of July 6, 2021), as the Government now embraces in its August 30 Status Report. (It is virtually identical to the Attachment 1 included in Plaintiffs' July 20 submission to this Court.) As the Court will see, we propose to remove practically all of the Court's order that addressed suspension of liquidation and replace it with a single clause reflecting the Government's newly stated intent to stipulate to refunds of any Section 301 List 3 and 4A duties paid on any entries liquidated since the Court's July 6, 2021 order (assuming Plaintiffs prevail on the merits).

This approach eliminates the need for any work and additional expense on the part of the Government or Plaintiffs associated with ongoing, entry-by-entry submissions. And because the Government has deemed it "not possible" to suspend liquidation for Subject Entries, it makes no sense for Plaintiffs to submit "requests for suspension" on an entry-by-entry basis. Gov't Status Report at 3. Because the Government does not intend to suspend liquidation, it does not need any entry-by-entry data—or any further information whatsoever. Indeed, the stipulation requires the Government to do nothing (other than liquidate in the ordinary course) unless and until Plaintiffs prevail on the merits. This approach also fully preserves the Government's right to appeal the availability of refunds for List 3 and 4A duties paid on entries that liquidated prior to the Court's order.

Plaintiffs see no downside to this approach for any party, and the Government has identified none. To the contrary, it alleviates significant burdens on the over 6,500 plaintiffs involved in this litigation, as well as on the Government itself. Requiring Plaintiffs to take on the burden of making

unnecessary suspension requests (which the Government has already rejected categorically) on an entry-by-entry basis makes even less sense given that the Governments has made a materially identical stipulation for entries that have already "inadvertently" liquidated during the TRO period since the entry of the July 6 PI Order—without any entry-by-entry listing. And, of course, the parties eventually may have to come to agreement on affected entries for a much longer period of refunds dating back to the inception of the litigation. *See* figure below:



It would be far more sensible, fair, and efficient for Plaintiffs and the Government to collaborate on ways to simplify the generation of relevant reports at the remedial stage that would cover the potential refund periods at issue. That collaboration has already begun in significant part with these Repository-related discussions, and can continue in parallel with the merits so as to minimize burdens on all parties and the Court at the end of this litigation. Indeed, the Government has just come up with a new ACE report that will do just that. *See* Gov't Status Report at 5 (discussing availability of new report). So we now know, as the Government has acknowledged, that time will facilitate and streamline that process for the end of the litigation—including through added ACE functionality and other potential technical solutions that the parties have discussed.

II.   **Plaintiffs' Specific Comments on Proposed Repository**

In the event the Court does not modify the July 6 preliminary injunction order, Plaintiffs offer the following comments on the Defendants' Updated Draft Repository Instructions ("Instructions") for implementing the stipulation process.

The Defendants' Status Report notes at page 6, and then at subsection II.a. of the Instructions, that Plaintiffs **must** submit the request for suspension or stipulation prior to the liquidation date of Subject Entries. Given the current proposal to stipulate to refundability, this requirement is unnecessary. The entire point of the proposed stipulation, as originally suggested by Plaintiffs and by the Court as an alternative to suspension, is to allow the entries to liquidate in the ordinary course with no additional action by CBP. There is, therefore, no reason to require Plaintiffs' request for suspension or stipulation to occur before liquidation. In fact, as the Court is aware, Defendants routinely stipulate to refunds in customs cases after final judgment. In many such cases, the entries must be reviewed in the stipulation process to ensure that refunds are paid only on entries covered by the judgment.

The apparent purpose for prior notice from Plaintiffs is to allow CBP to respond with a prospective stipulation as to the requested entries. However, the Status Report is clear and explicit that "CBP will be unable to verify upon submission that all of the entries included in a plaintiff's Excel spreadsheet of entries constitute unliquidated Subject Entries . . . ." Gov't Status Report at 6. To address this, Defendants propose to include language in the response to these submissions that the stipulations cover only Subject Entries unliquidated at the time of Plaintiffs' submissions and that are ultimately determined to have been illegally collected. That, of course, can be done now, in a single sentence, covering all the Subject Entries for all Plaintiffs. Or, if deemed necessary, in a single blanket response to each Plaintiff that requests a stipulation.

Further, as has been the case throughout discussions with the Defendants concerning the implementation of the Repository, the consequences of failing to meet the arbitrary requirement that Plaintiffs submit entry data prior to liquidation or the recommendation that the reports be done quarterly remain unstated. The practical consequence appears to be that the entries will be liquidated, which is the same status they will have if Plaintiffs provide the lists prior to liquidation. It is also the exact status of the entries CBP has "inadvertently liquidated" after the July 6 injunction and temporary restraining order. In other words, the prior-to-liquidation request for a stipulation is of no real consequence.

Moreover, CBP's recent efforts at producing an ACE query to generate reports for Plaintiffs to request suspension shows that CBP can create tools to identify the Subject Entries. Rather than establish an arbitrary requirement for submitting entry data prior to liquidation and an aspirational statement for quarterly submissions, CBP should refine its new ACE query to generate a list of all Subject Entries liquidated on or after July 6. Plaintiffs could then use that query to generate the reports CBP is proposing, but could do so on an appropriate schedule without fear of missing an arbitrary deadline.

Next, Plaintiffs note that the Proposed Instructions do not make any reference to or accommodation for entries that have already "inadvertently" liquidated (and will continue to liquidate until the end of the TRO period) since the Court's order of July 6. Per the parties' prior agreement, presumably those entries will be treated the same as those for which the Government now intends to stipulate for refunds—without any entry-by-entry designation by Plaintiffs.

For these reasons, Plaintiffs recommend the following changes be made to the Updated Draft Repository Instructions (if they are not eliminated entirely per Plaintiffs' proposal in Part I, *supra*):

1. In the second paragraph of Section I, remove the first sentence in its entirety. This sentence "recommends" that importers provide the list of Subject Entries on a quarterly basis. If required to submit entry information, importers should be free to do so without regard to the liquidation status of the entry and on their own schedule. To the extent the Court seeks to prevent post-judgment delays in resolving individual cases, the Court can order Plaintiffs to provide Subject Entry data no later than a date certain after a final successful judgment for Plaintiffs. Under this adjustment, Plaintiffs would be free to submit earlier.

2. For the reasons discussed above, the "Note" following subheading II.a. stating that entry information "must" be transmitted to CBP in advance of liquidation should be deleted in its entirety.

3. The "Note" following subheading II.a.ii should be amended. Currently, the note states that "[t]he sender *must* keep the confirmation email for verification." (Emphasis added.) Although this Note appears to create a record retention requirement, there are no consequences stated for failing to do so, nor should there be any. The Repository Instructions should not be drafted in a manner that allows CBP to deny a refund because the Plaintiff failed to retain (or possibly even receive) a receipt from CBP. At a minimum, the sentence should be amended to state that "The sender should keep the confirmation email for verification."

\* \* \*

        Respectfully submitted,

        <u>/s/ Matthew R. Nicely</u>
        Matthew R. Nicely
        Pratik A. Shah
        James E. Tysse
        Devin S. Sikes
        Daniel M. Witkowski
        Sarah B. W. Kirwin

        AKIN GUMP STRAUSS HAUER & FELD LLP
        2001 K Street, NW
        Washington, D.C. 20006

        *Counsel to Plaintiffs HMTX Industries LLC, Halstead New England Corporation, Metroflor Corporation, and Jasco Products Company LLC*

Date:  August 31, 2021

# Attachment 1

## Plaintiffs' Proposed Revised Order

Upon consideration of Plaintiffs' motions, Defendants' response, Plaintiffs' reply, and all other pertinent papers, it is

ORDERED that Plaintiffs' motion for leave to file a reply is granted;[1] and it is further

ORDERED that Plaintiffs' Proposed Reply in Support of Plaintiffs' Motion for Preliminary Injunction Limited to Suspension of Liquidation, ECF No. 307-1, is deemed filed as of May 20, 2021; and it is further

ORDERED that Plaintiffs' motion for a preliminary injunction is granted as further provided for in this order; and it is further

ORDERED that, within 7 calendar days from the date of this order, Defendants shall meet and confer with the Steering Committee, on behalf of Plaintiffs, regarding the establishment of a repository by Defendants for Plaintiffs to identify, as further provided for in this order, any unliquidated entries of merchandise imported from the People's Republic of China by Plaintiffs HMTX Industries LLC, Halstead New England Corporation, Metroflor Corporation, and Jasco Products Company LLC, and plaintiffs whose actions have been stayed pursuant to In re Section 301 Cases, Court No. 21-00052, that are subject to duties imposed pursuant to either Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation, 83 Fed. Reg. 47,974 (Sept. 21, 2018) (List 3), or

---

[1] Chief Judge Barnett concurs in granting Plaintiffs' motion to file a reply.

Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation, 84 Fed. Reg. 43,304 (Aug. 20, 2019) (List 4A) ("Subject Entries" or "Subject Entry"); and it is further

<ins>ORDERED that in light of Defendants' representation to the Court that it intends to stipulate to refund any duties found to have been illegally collected for all Subject Entries, Defendants shall liquidate those entries in the ordinary course and, upon issuance of a final court decision in this case finding the List 3 and/or List 4A tariffs to have been illegally assessed, reliquidate any Subject Entry without the assessment of List 3 and List 4A tariffs or otherwise refund to Plaintiffs such tariffs, with interest, as provided by law.</ins>

~~ORDERED that, within 14 calendar days from the date of this order, Defendants shall establish a repository in which Plaintiffs may identify any Subject Entry, as further provided for in this order; and it is further~~

~~ORDERED that any Plaintiff requesting suspension of liquidation for a Subject Entry shall provide Defendants with~~

~~(i) Its full and correct Importer of Record (IOR) number(s), including suffix(es); and~~

~~(ii) The Court Number and filing date of the litigation in which it is a party, as well as its Center and team assignment, if known; and~~

~~(iii) The Entry Number and date of entry for each Subject Entry for which liquidation is to be enjoined in accordance with this order; and it is further~~

~~ORDERED that Defendants, together with their delegates, officers, agents, and servants, including employees of U.S. Customs and Border Protection, are enjoined during the pendency of this litigation, including any appeals, from liquidating any Subject Entry for which they receive a request for suspension of liquidation pursuant to this order, unless, within 14 calendar~~

~~days from the date Defendants receive a request for suspension of liquidation of a Subject Entry, Defendants, at their option, stipulate to refund any duties found to have been illegally collected for that specific Subject Entry and notify Plaintiffs of such stipulation promptly in a manner to be determined by the parties; and it is further~~

~~ORDERED that having had notice and a hearing on Plaintiffs' motion for a preliminary injunction, Defendants, together with their delegates, officers, agents, and servants, including employees of U.S. Customs and Border Protection, are temporarily restrained from the date of this order until 28 calendar days following the date of this order from liquidating any Subject Entry; and it is further~~

~~ORDERED that should any Subject Entry be inadvertently or mistakenly liquidated during the 28-day temporary restraint period despite this order, said Subject Entry shall be promptly returned to unliquidated status and subject to the terms of this order; and it is further~~

~~ORDERED that any Subject Entry for which liquidation is suspended under this order shall be liquidated in accordance with the final court decision in this action, including all appeals and remand proceedings; and it is further~~

~~ORDERED that any Subject Entry inadvertently liquidated by U.S. Customs and Border Protection in contravention of this order shall be promptly returned to unliquidated status and subject to the terms of this injunction; and it is further~~

~~ORDERED that the Parties shall appear before the court virtually at a Status Conference on July 13, at 2:30.~~