UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE
THE HONORABLE CLAIRE R. KELLY, JUDGE
THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

|  |  |
|---|---|
| *In Re* Section 301 Cases | Court No. 21-00052 |

## JOINT STATUS REPORT

Plaintiffs and defendants respectfully submit this Joint Status Report in light of questions posed by the Court at the status conference held on September 1, 2021, and pursuant to the Court's order to submit any additional proposed modifications to the preliminary injunction order by September 3, 2021. *See* ECF No. 377. We first set forth defendants' position below, followed by plaintiffs' response.

## DEFENDANTS' POSITION

As explained in our most recent status report, *see* ECF No. 393, the government has no choice in complying with the preliminary injunction other than adopting the Panel Majority's stipulation process, which requires plaintiffs to submit lists of Subject Entries to a Repository, as required by the Court's preliminary injunction order, after which U.S. Customs and Border Protection (CBP) will stipulate to refund any duties if and to the extent such duties are found to have been illegally collected at the conclusion of this litigation, including all appeals.

However, as explained at the September 1, 2021 status conference, we defer to the Court as to whether it wishes to retain the stipulation procedures set forth in the preliminary injunction or relieve the plaintiffs of the requirement to submit lists of Subject Entries to a Repository. The Repository, as we reported, is ready to receive the lists ordered by the Court. If the Court intends

to maintain this requirement, we will submit final Repository Instructions by the September 10, 2021 deadline.  *See* ECF No. 399.

If the Court instead intends to modify the preliminary injunction in accordance with plaintiffs' proposal of August 31, 2021, *see* ECF No. 395, we propose replacing the language that plaintiffs proposed on page 9 of their status report with the following language:

> ORDERED that in light of Defendants' representation to the Court that it must accept the option to stipulate to refund any duties found to have been illegally collected for all Subject Entries, Defendants shall liquidate those entries in the ordinary course and, should the Court find that the List 3 and/or List 4A duties have been illegally collected, and should that decision become final and conclusive, including all appeals, Defendant shall reliquidate any Subject Entry in accordance with a final court decision in this case without the assessment of List 3 and List 4A duties or otherwise refund to Plaintiffs such duties, with interest, as provided by law.  This order shall only apply to entries that were unliquidated at the time of the preliminary injunction order, and to entries filed on or after July 6, 2021, and in the event the List 3 and/or List 4A duties are found to have been illegally collected, refunds will only be issued to plaintiffs in the Section 301 Cases that are the importers of record who paid the List 3 and/or List 4A duties.

Plaintiffs object to the final sentence of the proposed language, which clarifies that the Order regarding reliquidation and refunds applies only to plaintiffs who are importers of record and who actually paid the contested duties to the Government.  Plaintiffs' objection makes no sense, as it would be impossible to "refund" monies to a party other than the importer of record, which submitted the entry and paid the duties to the Government.  Only importers of record who are plaintiffs could possibly seek reliquidation and, if approved by the courts, be directly affected by any reliquidation.  Any arrangements among private parties over who ultimately covered the cost of the duties has nothing to do with the defendants or the reliquidation process.

We also recognize the case management concerns addressed by the Court during the September 1, 2021 status conference.  Specifically, if plaintiffs do not define the scope of their cases by submitting lists of Subject Entries to the Repository now, and the Court later finds that

plaintiffs are entitled to refunds of section 301 duties, CBP will need time to perform the resource-intensive task of making refund payments with respect to plaintiffs' entries. In attempting to comply with the preliminary injunction, we have already gained substantial knowledge of the procedures and resources that will be required should reliquidation ultimately become necessary. While any process for refunding section 301 duties at the conclusion of litigation would be time-consuming and burdensome, CBP has created an ACE report that could be modified to allow plaintiffs to gather and provide to CBP the entry and line level information necessary to effectuate refunds, which would alleviate a portion of the burden in the event such a process become necessary.

      However, in our view, plaintiffs are unlikely to succeed on the merits of the Section 301 cases, and no such resource-intensive task will be necessary. In light of the extensive resources we have already dedicated to compliance with the preliminary injunction, unless ordered by the Court, we have no reason to continue working on a reliquidation or refund process unless and until the plaintiffs prevail on the merits. Given that we have already developed a process that can later be used to allow plaintiffs to submit the necessary information, as well as the massive amount of time and resources required for the Government to devise new technical capabilities, the lack of funding available for new enhancements of CBP's Automated Commercial Environment (ACE), *see* Declaration of Executive Assistant Commissioner AnnMarie R. Highsmith at ¶ 5, ECF No. 393-1, and the fact that these processes will be unnecessary should we prevail on the merits, we wish to defer any further discussions with plaintiffs regarding how refunds could be made at the conclusion of this litigation. This is especially true in light of the Government's current focus on developing the merits of our case, with the deadline for filing our reply brief quickly approaching, and, as we anticipate, oral argument following shortly thereafter.

Should discussions regarding refunds of section 301 duties and/or ACE capabilities become necessary at a future date, following resolution of the merits, we will work with plaintiffs and the Court, as we have done in other litigation analogs, to determine at that time any necessary revisions to the process we have already developed.

## **PLAINTIFFS' POSITION**

Plaintiffs have already enumerated the reasons, both in our August 31 response and at the September 1 status conference, as to why and how the PI order should be modified in light of Defendants' newly embraced categorical stipulation. Specifically, this Court should remove any repository-related requirement that Plaintiffs submit entry-by-entry spreadsheets of Subject Entries on an ongoing basis. Defendants offer no reason whatsoever for maintaining that now unnecessary requirement, and Defendants do not object to its removal.

Accordingly, this Court should adopt the amendment proposed in Attachment 1 of Plaintiffs' August 31 response. Alternatively, if this Court prefers, Plaintiffs are amenable to the substitute language Defendants propose on page 2 of this status report, except for the last clause of the last sentence. That clause states that "in the event the List 3 and/or List 4A duties are found to have been illegally collected, refunds will only be issued to plaintiffs in the Section 301 Cases that are the importers of record who paid the List 3 and/or List 4A duties." Although Plaintiffs in this sample case (and, to our knowledge, in the vast majority of Section 301 cases) are in fact the importers of record, one merits-stage amicus brief has raised that remedial issue for certain other non-importer-of-record plaintiffs in stayed cases. *See* Amicus Curiae Br. of Interested Parties, Doc. No. 362 (Aug. 9, 2021). That issue is not one that has been aired before the Court in these preliminary injunction proceedings. This PI order, therefore, does not appear to be the proper vehicle to resolve that distinct issue.

As to the case management issues raised by the Court, Plaintiffs stand ready to continue to work with Defendants on streamlining the process for implementing the refund remedy in preparation for the end of this litigation. We defer to the Court on the proper schedule for such efforts.

Respectfully submitted,

| | |
|---|---|
| /s/ Matthew R. Nicely<br>Matthew R. Nicely<br>Pratik A. Shah<br>James E. Tysse<br>Devin S. Sikes<br>Daniel M. Witkowski<br>Sarah B. W. Kirwin<br><br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>2001 K Street, NW<br>Washington, D.C. 20006<br><br>*Counsel to Plaintiffs HMTX Industries LLC, Halstead New England Corporation, Metroflor Corporation, and Jasco Products Company LLC* | BRIAN M. BOYNTON<br>Acting Assistant Attorney General<br><br>/s/ Jeanne E. Davidson<br>JEANNE E. DAVIDSON<br>Director<br><br>/s/ L. Misha Preheim<br>L. MISHA PREHEIM<br>Assistant Director<br><br>/s/ Justin R. Miller<br>JUSTIN R. MILLER<br>Attorney-In-Charge,<br>International Trade Field Office<br><br>/s/ Jamie L. Shookman<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>26 Federal Plaza, Room 346<br>New York, NY 10278<br>Tel: 212-264-2107<br>Fax: 212-264-1916<br><br>SOSUN BAE<br>Senior Trial Counsel<br>ANN C. MOTTO<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br><br>*Attorneys for Defendants* |

Date:  September 3, 2021