UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE; CLAIRE R. KELLY, JENNIFER CHOE-GROVES, JUDGES

| | |
|---|---|
| IN RE SECTION 301 CASES | : <br> : <br> : Court No. 21-00052-3JP <br> : <br> : |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants, the United States, *et al.*, respectfully submit this response to the notice of supplemental authority that plaintiffs filed on January 10, 2022 (ECF No. 433) in which they attached: (1) *Solar Energy Industries Association v. United States*, No. 20-03941, Slip Op. 21-154 (Ct. Int'l Trade Nov. 16, 2021) (*SEIA*), which the Government appealed on January 14, 2022, and (2) *Invenergy Renewables LLC v. United States*, No. 19-00192, Slip Op. 21-155 (Ct. Int'l Trade Nov. 17, 2021). Contrary to plaintiffs' assertions, neither decision is "pertinent" nor "significant" to plaintiffs' claims.

The Court's analysis in *SEIA*, which held that the word "modify" in section 204(b)(1)(B) of the Trade Act of 1974 (Trade Act), 19 U.S.C. § 2254(b)(1) did not, under that statute, encompass "trade-restricting" measures among other issues, is irrelevant here. In *SEIA*, the Court conceded that the word "modify" could encompass "trade-restricting changes," but adopted a different definition based upon the statute's specific context. *SEIA*, Slip Op. 21-154 at 28-29. Here, neither the statute's language, nor the Trade Act's context support plaintiffs' narrow interpretation.

Section 307(a) of the Trade Act unambiguously supports that the word "modify" permits an increase in tariffs. To imply a limitation permitting only a decrease in tariffs would be

inconsistent with section 307(a)(1)(B), and would require adding language that Congress omitted in section 307(a)(1)(C). Thus, the statutory language is unlike the provision in *SEIA*, which the Court found constituted an "escape hatch" from safeguard measures allowed by that statutory scheme. *SEIA*, Slip. Op. 21-154, at 30.

Turning to the statute's broader context, sections 301(b) and (c) of the Trade Act grant the President and the United States Trade Representative (USTR) broad discretion to take a range of measures "to obtain the elimination of the act, policy, or practice." 19 U.S.C. § 2411(c); *see also* Defendant's Motion to Dismiss, *In re Section 301 Cases*, No. 21-0052-3JP, ECF No. 314, at 3-7 (June 1, 2021) (Def. Mot.). In enacting section 307, Congress provided for the same flexibility when modifying an action. Allowing an increase in tariffs does not create a "loophole" or otherwise undermine the statutory scheme, as the Court found in *SEIA*. *SEIA*, Slip. Op. 21-154 at 30. The purpose of section 301(b) is to eliminate unfair or discriminatory trade practices. Here, it is the *plaintiffs'* interpretation that would undermine the statutory scheme because it would preclude the President and the USTR from modifying an action even when the initial action proved insufficient to end the challenged trade practices.

Similarly, the Administrative Procedure Act (APA) issues discussed in *Invenergy* are easily distinguishable from this case. In *Invenergy*, the USTR withdrew an exclusion from certain safeguard duties on solar products, and the Court vacated the rule, finding that the agency "provided no more than conclusory statements" in its rule and "did not address significant comments" raised during public comment. Slip Op. 21-155 at 25-26.

Unlike in *Invenergy*, here, the USTR undoubtedly explained the basis for the List 3 and List 4 trade actions with more than conclusory statements. *Invenergy Renewables LLC v. United States*, 476 F.Supp.3d 1323, 1351 (Ct. Int'l Trade 2020) (*Invenergy IV*); *see also* Slip Op. 21-155

at 25 (adopting previous conclusions from *Invenergy IV*). Specifically, the relevant Federal Register Notices discuss the Section 301 investigation, the USTR's prior determinations following that investigation, and the subsequent actions by China that resulted in the List 3 and List 4 trade actions.

Second, the "significant comments" that the Court determined were unaddressed in *Invenergy* concerned the USTR's authority to withdraw a previously-granted exclusion, whether its withdrawal would achieve the objectives of the safeguard duties themselves, and other statutory considerations. Slip op. 26-27. Here, the USTR plainly addressed its statutory authority for issuing List 3 and List 4 and the objective of eliminating China's unfair trade practices, as well as all relevant factors set forth in its enabling statute. Moreover, the USTR responded to public comments in multiple other ways, including by omitting certain tariff subheadings in the final Lists 3 and 4A and establishing an exclusion process.

Accordingly, we respectfully submit that neither *SEIA* nor *Invenergy* constitutes persuasive authority that supports granting judgment for the plaintiffs.

            Respectfully submitted,

            BRIAN M. BOYNTON
            Acting Assistant Attorney General

            /s/ Patricia M. McCarthy
            PATRICIA M. MCCARTHY
            Director

            /s/ L. Misha Preheim
            L. MISHA PREHEIM
            Assistant Director

| | |
|---|---|
| OF COUNSEL: | /s/ Justin R. Miller |
| | JUSTIN R. MILLER |
| MEGAN GRIMBALL | Attorney-In-Charge, |
| Associate General Counsel | International Trade Field Office |
| PHILIP BUTLER | |
| Associate General Counsel | /s/ Elizabeth Speck |
| EDWARD MARCUS | Trial Attorney |
| Assistant General Counsel | Commercial Litigation Branch |
| Office of General Counsel | Civil Division |
| Office of the U.S. Trade Representative | Department of Justice |
| 600 17th Street N.W. | P.O. Box 480 |
| Washington, D.C. 20508 | Ben Franklin Station |
| | Washington, D.C. 20044 |
| PAULA SMITH | Tel: (202) 307-0369 |
| Assistant Chief Counsel | |
| EDWARD MAURER | SOSUN BAE |
| Deputy Assistant Chief Counsel | Senior Trial Counsel |
| VALERIE SORENSEN-CLARK | ANN C. MOTTO |
| Attorney | JAMIE L. SHOOKMAN |
| Office of the Assistant Chief Counsel | Trial Attorney |
| International Trade Litigation | Commercial Litigation Branch |
| U.S. Customs and Border Protection | Civil Division |
| 26 Federal Plaza, Room 258 | Department of Justice |
| New York, NY 10278 | P.O. Box 480 |
| | Ben Franklin Station |
| | Washington, D.C. 20044 |
| | |
| | *Attorneys for Defendants* |
| January 20, 2022 | |