UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE; CLAIRE R. KELLY; JENNIFER CHOE-GROVES, JUDGES

| | |
|---|---|
| IN RE SECTION 301 CASES | : <br> : <br> : Court No. 21-00052-3JP <br> : <br> : |

**DEFENDANTS' MOTION TO CORRECT THE RECORD**

Defendants, the United States, *et al.*, respectfully request that the Court grant this motion correct the administrative record of this proceeding to include the following documents: (1) Exhibit A, *Statement from the President Regarding Trade with China*, dated June 18, 2018, *available at* https://www.govinfo.gov/content/pkg/DCPD-201800432/pdf/DCPD-201800432.pdf, and (2) Exhibit B, Update Concerning China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation, dated November 2018, *available at*

https://ustr.gov/sites/default/files/enforcement/301Investigations/301%20Report%20Update.pdf

(Supplemental 301 Report). We have also attached as Exhibit C a declaration from Megan Grimball, the representative from the United States Trade Representative (USTR) certifying the completeness of the administrative record with the inclusion of these two documents. We regret any inconvenience that may result from filing this motion after oral argument has occurred in this case. We do not request additional briefing based upon these documents or wish to modify our prior briefs or positions in any way. Instead, we seek to include the exhibits in the record only so that the Court will have a complete record.

On February 11, 2022, undersigned counsel for the Government contacted Pratik Shah and Matthew Nicely, representatives from the plaintiffs' steering committee, for plaintiffs' position on this motion and they stated as follows: "Plaintiffs take no position on the motion with respect to Exhibit A, which was cited in the Federal Register notice for proposed List 3 and in the parties' briefing before this Court.  Plaintiffs, however, oppose as to Exhibit B, which (i) post-dates the proposed and final Federal Register notices for List 3, (ii) is not cited in the proposed or final Federal Register notices for List 4, and (iii) was not cited in any briefing before this Court.  Plaintiffs intend to file a response by the end of this week."

On April 30, 2021, the USTR filed the administrative record in this matter, which included "a complete list of the documents and materials directly or indirectly considered by the agency in connection with the challenged List 3 and List 4 tariff actions."  Declaration of Megan Grimball, dated April 30, 2021 (ECF No. 297).  Upon reviewing the record during the last two weeks, however, the USTR realized that it did not include the Presidential statement and the update to the 301 Report.  Exhibit A, the President's statement from June 18, 2018, directing the USTR to identify "$200 billion worth of Chinese goods for additional tariffs at a rate of 10 percent," which eventually became List 3, was cited in both parties' briefs and was quoted and cited in PR-14.[1]  Exhibit B is an update to the USTR's Section 301 Findings regarding China's unreasonable and discriminatory trade practices (PR-26), and was cited during oral argument.  It was published on the USTR's website with the original Section 301 Findings in November 2018, which was in between the issuance of Lists 3 and 4.  The U.S. Trade Representative was aware

---

[1] The precise webpage cited in PR-14 is from whitehouse.gov, but this webpage is no longer active.  The President's statement dated June 18, 2018 can now be found at the webpage cited in our motion.

2

of the contents of both of these documents and they would have been considered when making the challenged decisions.

Whether to permit correction of the record is an evidentiary matter that is a discretionary determination by this Court. *Axiom Resource Management, Inc. v. United States*, 564 F.3d 1374, 1378 (Fed. Cir. 2009) (citing *Murakami v. United States*, 398 F.3d 1342, 1346 (Fed. Cir. 2005). A court's determination of an evidentiary matter constitutes an abuse of discretion if it is "'clearly unreasonable, arbitrary or fanciful, or is 'based on an erroneous construction of the law.'" *Axiom*, 564 F.3d at 1378 (quoting *Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1341 (Fed. Cir. 1999)).

The administrative record consists of documents that were "directly or indirectly considered by the [agency] decisionmaker(s)." *Pacific Shores Subdivision California Water District v. United States Army Corps of Engineers*, 448 F. Supp. 2d 1, 7 (D.D.C. 2012); *JSW Steel (USA) Inc. v. United States*, 466 F. Supp. 3d 1320, 1328 (Ct. Int'l Trade 2020) (administrative record includes documents considered directly or indirectly) (citing *Ammex, Inc. v. United States*, 62 F. Supp. 2d 1148, 1156 (Ct. Int'l Trade 1999)). Here, granting the USTR leave to to "correct" or "complete" the record is appropriate because the USTR considered both the President's statement and the facts contained in the report when making the challenged decisions. *Center for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1274 n.7 (D. Colo. 2010) (explaining the difference between "completing" versus "supplementing the record") (citing *The Cape Hatteras Access Preservation Alliance v. U.S. Dep't of Interior*, 667 F. Supp. 2d 111, 114 (D.D.C. 2009)); *Joint Venture of Comint Sys., Corp. v. United States*, 100 Fed. Cl. 159, 167 (Fed. Cl. 2011) ("Incorporating materials into the administrative record that were previously omitted is not novel."). Thus, our motion is distinguishable from a situation in which

the moving party seeks to modify the administrative record with outside materials that were not considered by the agency decision maker, which are disfavored. *See AgustaWestland North America, Inc. v. United States*, 880 F.3d 1326, 1331 (Fed. Cir. 2018) (explaining that "supplementation of the record should be limited to cases in which the omission of extra-record evidence precludes effective judicial review.") (internal quotation omitted).

For these reasons, we respectfully request that the Court grant this motion to correct the administrative record and deem the documents attached as Exhibits A-B as part of the administrative record along with the declaration attached as Exhibit C.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

/s/ Patricia M. McCarthy
PATRICIA M. MCCARTHY
Director

/s/ L. Misha Preheim
L. MISHA PREHEIM
Assistant Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge,
International Trade Field Office

| | |
|---|---|
| OF COUNSEL: | /s/ Elizabeth Speck |
| | Trial Attorney |
| MEGAN GRIMBALL | Commercial Litigation Branch |
| Associate General Counsel | Civil Division |
| PHILIP BUTLER | Department of Justice |
| Associate General Counsel | P.O. Box 480 |
| EDWARD MARCUS | Ben Franklin Station |
| Assistant General Counsel | Washington, D.C. 20044 |
| Office of General Counsel | Tel: (202) 307-0369 |
| Office of the U.S. Trade Representative | |
| 600 17th Street N.W. | SOSUN BAE |
| Washington, D.C. 20508 | Senior Trial Counsel |
| | ANN C. MOTTO |
| PAULA SMITH | JAMIE L. SHOOKMAN |
| Assistant Chief Counsel | Trial Attorney |
| EDWARD MAURER | Commercial Litigation Branch |
| Deputy Assistant Chief Counsel | Civil Division |
| VALERIE SORENSEN-CLARK | Department of Justice |
| Attorney | P.O. Box 480 |
| Office of the Assistant Chief Counsel | Ben Franklin Station |
| International Trade Litigation | Washington, D.C. 20044 |
| U.S. Customs and Border Protection | |
| 26 Federal Plaza, Room 258 | |
| New York, NY 10278 | |
| | |
| February 15, 2022 | *Attorneys for Defendants* |

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE; CLAIRE R. KELLY, JENNIFER CHOE-GROVES, JUDGES

| | |
|---|---|
| IN RE SECTION 301 CASES | : Court No. 21-00052-3JP |

## **ORDER**

Upon consideration of defendants' motion to correct the record, it is hereby

ORDERED that defendants' motion is granted, and it is further

ORDERED that the agency administrative record in this proceeding is corrected to include the documents attached to the motion as Exhibits A-B, and the declaration certifying the record attached to the motion as Exhibit C.

Dated: _____       _____
      New York, New York                                           Judge


                                                                _____
                                                                Judge


                                                                _____
                                                                Judge