UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:    THE HONORABLE MARK A. BARNETT, CHIEF JUDGE
           THE HONORABLE CLAIRE R. KELLY, JUDGE
           THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

_____
                                       :
                                       :
*In Re* Section 301 Cases              :    Court No. 21-00052
                                       :
                                       :
_____:

# PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO CORRECT THE AGENCY RECORD

Plaintiffs partially oppose the Government's motion seeking to "correct" the administrative record by adding two documents (Dkt. No. 441). Plaintiffs take no position on the motion with respect to Exhibit A, which was cited by the parties in briefing to this Court, *e.g.*, Defs.' Mot. to Dismiss 11, 22, 55, and cited in the Federal Register notice proposing List 3, *see* 83 Fed. Reg. 33,608, 33,609 (July 17, 2018). But the Court should exercise its discretion to deny the motion as to Exhibit B. Unlike Exhibit A, Exhibit B (i) post-dates the proposed and final Federal Register notices for List 3, (ii) was not cited in the proposed or final Federal Register notices for List 4, and (iii) was never cited in any briefing before this Court. Because it would be improper for the Government to rely on Exhibit B now, its request should be denied.

### A.    The Government Has Failed To Show That USTR Relied On Exhibit B

This "court assumes the record is complete where it has been certified by the agency," *Invenergy Renewables LLC v. United States*, 476 F. Supp. 3d 1323, 1355 (Ct. Int'l Trade 2020) (citing *Giorgio Foods, Inc. v. United States*, 755 F. Supp. 2d 1342, 1346 (Ct. Int'l Trade 2011)), and thus will not add materials to it "absent clear evidence to the contrary,'" *Ammex, Inc. v. United States*, 62 F. Supp. 2d 1148, 1156 (Ct. Int'l Trade 1999) (citation omitted). The burden is on the Government, as the moving party, to "put forth concrete evidence that the documents it seeks to

'add' to the record were actually before the decisionmakers." *Marcum v. Salazaar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010). "Conclusory statements will not suffice; rather, the [movant] 'must identify reasonable, non-speculative grounds for its belief that the documents were considered by the agency.'" *Nat'l Min. Ass'n v. Jackson*, 856 F. Supp. 2d 150, 156 (D.D.C. 2012); *accord Ammex*, 62 F. Supp. 2d at 1156-57 (citation omitted). The decision whether to allow the agency to correct the record falls within this Court's discretion. *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1378 (Fed. Cir. 2009); *see* Defs.' Mot. 2.

Here, the Government has failed to show that USTR actually relied on or considered Exhibit B when it promulgated either List 3 or List 4. USTR did not rely on Exhibit B in the List 3 rulemaking proceedings for an obvious reason: Exhibit B did not exist until two months *after* List 3 had been promulgated into law. Nor did USTR cite, let alone rely on, Exhibit B at any point during the List 4 rulemaking process. Notably, the Government does not contend otherwise; instead, its artfully worded declaration asserts only that the agency was "*aware of the contents* of" Exhibit B, and that it "*would have been* considered" during the rulemaking process. Ex. C to Defs.' Mot. ¶ 6 (emphasis added). Those statements do not satisfy the relevant standard that the *document itself* be considered—not just its "contents" (whatever that means). The Government's thirteenth-hour assertion that USTR nonetheless, in some vague fashion, considered Exhibit B during the rulemakings thus falls woefully short.

Because "judicial review of agency action is limited to 'the grounds that the agency invoked when it took the action,'" *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1907 (2020), an agency cannot "supplement the Administrative Record submitted to the district court with post hoc rationalizations for its decision," *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739-40 (10th Cir. 1993) (citing *Am. Textile Mfrs. Inst., Inc. v. Donovan*, 452 U.S. 490, 539

(1981); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419 (1971)).  This Court should thus exercise its discretion to deny Defendants' motion, as it defies logic to "correct" the record to add a document on which Defendants cannot rely as a matter of law.  *Regents*, 140 S. Ct. at 1909 (because people "must turn square corners when they deal with the Government," "the Government should turn square corners in dealing with the people") (alteration in original).

>    **B.**     **Defendants Have Forfeited Any Reliance On Exhibit B In This Case**

Separate and apart from the fundamental administrative law principles that foreclose reliance on Exhibit B, Defendants' motion should be denied on waiver grounds.  Not only did the agency fail to cite or rely on Exhibit B (or its underlying "contents") during the rulemaking process, Defendants have also failed to cite or rely on it during this litigation.  Specifically, lead plaintiffs filed their lawsuit in September 2020, and the Government filed what it certified to be the "complete list of the documents and materials directly or indirectly considered by the agency" in April 2021.  Defs.' Mot. 2; Decl. by Megan Grimball, accompanying Admin. R. Index (Dkt. No. 297).  Since then, the parties have filed substantive briefs totaling over 200 pages (not including preliminary injunction or amicus papers), and the Court has held a lengthy hearing involving six different advocates.  Before the Government's motion, filed three months after the close of briefing and two weeks after the hearing, the *only* mention of Exhibit B was a passing reference during the Government's oral argument—without any prior notice to Plaintiffs or to this Court.

It is far too late for the Government to rely on Exhibit B now.  The belated introduction of evidence or arguments, including at or after a merits hearing, constitutes waiver.  *See, e.g.*, *Landreth v. United States*, 797 F. App'x 521, 524 (Fed. Cir. 2020) (denying motion to supplement appellate record because "[w]e normally do not consider material submitted after briefing unless it was previously unavailable"); *Henry v. Dep't of Justice*, 157 F.3d 863, 865 (Fed. Cir. 1998) ("The

government's argument *** was raised for the first time at oral argument and comes too late."). In an analogous circumstance, a district court declined to consider a party's "tardy" request to supplement the administrative record with a public comment on the same day the party cross-moved for summary judgment, on the ground that "[t]he orderly management of this litigation requires the resolution of questions regarding the materials on which the parties may rely—and on which the Court will base its ultimate decision—before the submission of the parties' arguments regarding the merits." *Banner Health v. Burwell*, 126 F. Supp. 3d 28, 60-61 (D.D.C. 2015), *aff'd in pertinent part*, 867 F.3d 1323, 1335-36 (D.C. Cir. 2017). It was "too late" to "expand the administrative record," given that "[l]ast minute surprises regarding materials on which Plaintiffs hope to rely are neither efficient nor fair." *Id.* at 61-62.

Similarly, the Government's repeated failures (despite repeated opportunities) would bar it from relying on Exhibit B even if it were properly part of the record—as Defendants' motion implicitly acknowledges. *See* Mot. 1 ("We do not request additional briefing based upon these documents or wish to modify our prior briefs or positions in any way."). Granting Defendants' late request thus serves no purpose.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Matthew R. Nicely<br>Matthew R. Nicely<br>Pratik A. Shah<br>James E. Tysse<br>Devin S. Sikes<br>Daniel M. Witkowski<br>Sarah B. W. Kirwin |
| Dated:  February 16, 2022 | AKIN GUMP STRAUSS HAUER & FELD LLP<br>2001 K Street, NW<br>Washington, D.C. 20006 |