UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE; CLAIRE R. KELLY, JENNIFER CHOE-GROVES, JUDGES

|  |  |
|---|---|
| IN RE SECTION 301 CASES | : <br> : <br> : Court No. 21-00052-3JP <br> : <br> : |

**ORDER**

Upon reading defendants' motion for an extension of time to file remand results, it is hereby

ORDERED that defendants' motion be, and hereby is, granted; and it is

ORDERED that the Office of the United States Trade Representative's time to file remand results is hereby extended from June 30, 2022 to, and including, August 29, 2022.

_____
JUDGE

Dated: New York, New York
This _____ day of _____, 2022

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE; CLAIRE R. KELLY, JENNIFER CHOE-GROVES, JUDGES

|  |  |
|---|---|
| IN RE SECTION 301 CASES | : <br> : <br> : Court No. 21-00052-3JP <br> : <br> : |

**DEFENDANTS' MOTION TO EXTEND THE TIME FOR THE OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE TO FILE REMAND RESULTS**

Defendants, the United States *et al*., pursuant to Rules 6(b) and 7 of the United States Court of International Trade, respectfully move this Court for a 60-day extension of time, from June 30, 2022 to, and including, August 29, 2022, for the Office of the United States Trade Representative (USTR) to file remand results. This is our first request for an extension of time for these purposes.

When a motion is made prior to a filing deadline, the Court may, for good cause, extend the time within which a party must act. USCIT Rule 6(b)(1)(A). Good cause requires the moving party to show that the deadline for which an extension is sought cannot reasonably be met despite the movant's diligent efforts to comply with the schedule. *See High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013) (discussing "good cause" in the context of Federal Rule of Civil Procedure 16(b)); *United States v. Horizon Prods. Int'l, Inc.*, 34 F. Supp. 3d 1365, 1367 (2014) (diligence is the "primary consideration" under the general good cause standard applicable to USCIT Rules 6(b) and 16(b)).

On April 1, 2022, the Court remanded List 3 and List 4A to USTR for reconsideration or further explanation consistent with the Court's Opinion, and ordered

USTR to file its remand results on or before June 30, 2022. ECF No. 448 at 71 (Opinion). Since this time, USTR been diligently preparing remand results in accordance with the Court's Opinion. This process has entailed the following:

(1) Conducting an analysis to ascertain, where possible, the nature of the more than 9,000 public comments received with respect to List 3 and List 4A, including identifying comments pertaining to each of the issues that the Court's Opinion identified as requiring a response to public comment. *See id.* at 52-53. In order to do this, USTR is engaging in a manual review and organization of the comments.

(2) Reviewing the thousands of pages of hearing testimony from 13 days of public hearings conducted during the List 3 and List 4 notice-and-comment periods.

(3) Providing further explanation, consistent with the Court's opinion. *Id.* at 57.

Additional time is needed to complete this work given the volume of information under review, the limited resources available within USTR to conduct this review, and the numerous competing deadlines with which the agency has been tasked with during the remand period.

Starting with the volume of information under review, USTR received over 9,000 comments in response to public comment for List 3 and List 4A. Providing the required remand necessitates revisiting the thousands of comments received, as well as the thousands of pages of transcripts from the public hearings conducted during notice-and-comment. While the Opinion does not require the remand results to include a comment-by-comment response, it still requires revisiting an extremely large amount of

information in order to address all of the categories of comments that the Court found the USTR was required to address.  Opinion at 52-53.

Additional time is also needed because USTR has limited resources and numerous time-consuming responsibilities.  When the Court issued is Order, USTR had a staff of four lawyers and seven support staff available.  Since the Court's order, USTR has extended offers to two additional support staff members (only one of whom has onboarded) to aid in the remand determination and other projects related to the Section 301 investigation, which we discuss below.

By comparison, for the List 3 notice and comment period, USTR had a staff of about least 30 persons reviewing, recording, and categorizing comments, and analyzing trade data from the incoming comments.  For the List 4 notice and comment period, USTR had a staff of approximately 19 persons reviewing and collecting such data from the comments.  In addition, and as we will describe more in our remand results, for both lists the Section 301 Committee, which was comprised of industry-experts from several federal agencies, reviewed comments pertaining to their agency missions and expertise, prepared for and participated in thirteen days of public hearings, and provided specific recommendations for the final List 3 and List 4.

Moreover, the individuals at USTR working on the remand have had several additional time-consuming projects related to the investigation, which include: 1) the extension of COVID-19 exclusions announced May 27, 2022;  and 2) the commencement of the mandatory four-year review of action taken under Section 301 and announced May 3, 2022.

For the extension of COVID-19 exclusions, USTR staff were responsible for drafting documents in support of the Trade Representative's decision to extend previously extended COVID-19 exclusions, including the Interagency Section 301 Committee memoranda, decision memoranda, Federal Register notices and annexes. As part of these projects, USTR staff have been involved in various consultative meetings with the interagency, advisory committees, and Congressional trade committees.

For the commencement of the statutory 4-year review, USTR staff reviewed all public comments submitted (or previously entered data) for Lists 1-4, nearly 13,000 comments, to identify persons who supported the trade action in order to notify them of their opportunity to request review of the actions taken under section 301. This exercise, which was specifically geared to the notification requirements in Section 307(c) of the Trade Act, did not include the identification of the category of comments described in the Opinion. As with the other projects, USTR staff had to draft various internal memoranda and produce other deliberative documents to assist policy makers in decision making, engage in consultations with the interagency, Congressional trade committees, and the trade advisory committees, and draft Federal Register notices, press releases, and press points all in support of the public announcement of the review. In addition, USTR staff had to prepare and mail over 600 notification letters to certain interested persons in accordance with Section 307(c)(2) of the Trade Act. USTR staff also had to develop an electronic portal for submitting requests to continue the actions taken under Section 301. USTR staff have dedicated numerous hours to these projects during the 90-day period, while also diligently working on responding to the Court's Order.

As the Court's deadline for the remand nears, USTR staff are also considering possible options for a new exclusion process. This preparation has included the development of possible options for policy makers.

On June 17, 2022, Elizabeth Speck, counsel for defendants, conferred with Matt Nicely and Pratik Shah of Akin Gump Strauss Hauer & Feld LLP, counsel for plaintiff, who informed Ms. Speck that, on behalf of his clients, plaintiffs oppose the Government's motion and intend to file a separate response next week.

For these reasons, defendants respectfully request that our motion be granted.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

/s/ Patricia M. McCarthy
PATRICIA M. MCCARTHY
Director

/s/ L. Misha Preheim
L. MISHA PREHEIM
Assistant Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge,
International Trade Field Office

| | |
|---|---|
| OF COUNSEL: | /s/ Elizabeth Speck |
| | Trial Attorney |
| MEGAN GRIMBALL | Commercial Litigation Branch |
| Associate General Counsel | Civil Division |
| PHILIP BUTLER | Department of Justice |
| Associate General Counsel | P.O. Box 480 |
| EDWARD MARCUS | Ben Franklin Station |
| Assistant General Counsel | Washington, D.C. 20044 |
| Office of General Counsel | Tel: (202) 307-0369 |
| Office of the U.S. Trade Representative | |
| 600 17th Street N.W. | |
| Washington, D.C. 20508 | SOSUN BAE |
| | Senior Trial Counsel |
| | JAMIE L. SHOOKMAN |
| PAULA SMITH | Trial Attorney |
| Assistant Chief Counsel | Commercial Litigation Branch |
| EDWARD MAURER | Civil Division |
| Deputy Assistant Chief Counsel | Department of Justice |
| VALERIE SORENSEN-CLARK | P.O. Box 480 |
| Attorney | Ben Franklin Station |
| Office of the Assistant Chief Counsel | Washington, D.C. 20044 |
| International Trade Litigation | |
| U.S. Customs and Border Protection | |
| 26 Federal Plaza, Room 258 | |
| New York, NY 10278 | |
| | |
| June 17, 2022 | *Attorneys for Defendants* |