**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| IN RE SECTION 301 CASES | Before: Mark A. Barnett, Claire R. Kelly, and Jennifer Choe-Groves, Judges<br>Court No. 21-00052-3JP |

**ORDER**

This matter is before the court on Defendants' motion for a 60-day extension of time for the Office of the United States Trade Representative ("the USTR") to file its remand results. Defs.' Mot. to Extend the Time for the [USTR] to file Remand Results ("Defs.' Mot."), ECF No. 459. Plaintiffs oppose the motion. Pls.' Opp'n to Defs.' Mot. to Extend Time to File Remand Results ("Pls.' Opp'n), ECF No. 460.

The USTR's remand results are currently due by June 30, 2022. When a motion is made prior to a deadline, the court may, for good cause, extend the time within which a party must act. USCIT Rule 6(b)(1)(A). Diligence is the "primary consideration" under the good cause standard applicable to such motions. *United States v. Horizon Prods. Int'l, Inc.*, 38 CIT 1883, 1885, 34 F. Supp. 3d 1365, 1367 (2014).

To establish good cause, Defendants point to "the volume of information under review, the limited resources available within [the] USTR to conduct this review, and the numerous competing deadlines with which the [USTR] has been tasked with during the remand period." Defs.' Mot. at 2. With respect to the first point, Defendants assert that although the "USTR [has] been diligently preparing [the] remand results," the USTR has had to review "thousands of comments received" during the relevant proceedings and "thousands of pages of transcripts from the public hearings." *Id.* Plaintiffs oppose the motion on the grounds that the court remanded the matter for the USTR to further

Court No. 21-00052-3JP                                                                                           Page 2

explain its original rationale for imposing List 3 and List 4 duties and, thus, the USTR should not be afforded more time to conduct a new, *post hoc*, review of the submitted comments and testimony.  Pls.' Opp'n at 2–6.

The court will grant Defendants' motion, in part, and provide the USTR a 30-day extension of time to file the remand results.  In the event the USTR requires an additional extension of time, Defendants should address in greater detail the USTR's reasons for the request in light of the court's statement that "the USTR may only further explain the justifications it has given for the modifications" but "may not identify reasons that were not previously given unless it wishes to 'deal with the problem afresh' by taking new agency action."  *In Re Section 301 Cases*, Slip Op. 22-32, 2022 WL 987067, at *26 (CIT Apr. 1, 2022) (quoting *Dep't of Homeland Security v. Regents of the University of California*, 140 S. Ct. 1891, 1908 (2020)).

Accordingly, upon consideration of Defendants' motion, Plaintiffs' opposition, all other papers and pleadings before the court, and for the reasons discussed above, it is hereby:

**ORDERED** that Defendants' motion for an extension of time to file the remand results (ECF No. 459), is **GRANTED IN PART** and **DENIED IN PART**; it is further

**ORDERED** that the USTR shall file its remand results on or before August 1, 2022; and it is further

Court No. 21-00052-3JP  Page 3

**ORDERED** that, within 14 days of the USTR's filing of the remand results, the Parties shall file a joint status report and proposed schedule for the further disposition of this litigation.

/s/ Mark A. Barnett
Mark A. Barnett, Chief Judge

/s/ Claire R. Kelly
Claire R. Kelly, Judge

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated: June 22, 2022
New York, New York