UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE; CLAIRE R. KELLY; JENNIFER CHOE-GROVES, JUDGES

|  |  |
|---|---|
| IN RE SECTION 301 CASES | : <br> : <br> : Court No. 21-00052-3JP <br> : <br> : |

## DEFENDANTS' SECOND MOTION TO CORRECT THE RECORD

Defendants, the United States, *et al.*, respectfully request that the Court grant us leave to correct the administrative record of this proceeding to include the following documents: (1) *Initiation of Section 301 Investigation; Hearing; and Request for Public Comments: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 82 Fed. Reg. 40,213, 40,213 (U.S. Trade Rep. Aug. 24, 2017); (2) President of the United States, *Presidential Memorandum on the Actions by the United States Relate to the Section 301 Investigation* (Mar. 22, 2018), available at https://trumpwhitehouse.archives.gov/presidential-actions/presidential-memorandum-actions-united-states-related-section-301-investigation/; (3) *Notice of Determination and Request for Public Comment Concerning Proposed Determination of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 14,906 (U.S.T.R. Apr. 6, 2018); (4) Press Release, *USTR Issues Tariffs on Chinese Products in Response to Unfair Trade Practices* (U.S.T.R. June 15, 2018), available at https://ustr.gov/about-us/policy-offices/press-office/press-releases/2018/june/ustr-issues-tariffs-chinese-products; (5) *Notice of Action and Request for Public Comment Concerning Proposed Determination of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 28,710 (U.S.T.R.

June 20, 2018); (6) *Notice of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 40,823 (U.S. Trade Rep. Aug. 16, 2018); (7) Press Release, *USTR Finalizes Tariffs on $200 Billion of Chinese Imports in Response to China's Unfair Trade Practices* (U.S.T.R. Sept. 18, 2018), available at https://ustr.gov/about-us/policy-offices/press-office/press-releases/2018/september/ustr-finalizes-tariffs-200; (8) *Conforming Amendment and Modification to Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 49,153 (U.S. Trade Rep. Sept. 28, 2018); and (9) Press Release, United States Trade Representative, *USTR Announces Next Steps on Proposed 10 Percent Tariff on Imports from China* (U.S.T.R. Aug. 13, 2019), available at https://ustr.gov/about-us/policy-offices/press-office/press-releases/2019/august/ustr-announces-next-steps-proposed. We regret any inconvenience that may result from filing this motion at this late stage in this case. We do not request additional briefing based upon these documents or wish to modify our prior briefs or positions in any way. Instead, we seek to include the exhibits in the record only so that the Court will have a complete record.

On July 28, 2022 undersigned counsel for the Government contacted Pratik Shah and Matthew Nicely, representatives from the plaintiffs' steering committee, for plaintiffs' position on this motion and they stated as follows: "Plaintiffs take no position on the motion, on the understanding that the Government has forfeited reliance on documents not cited in its previous merits briefing to this Court."

On April 30, 2021, the Office of the United States Trade Representative (USTR) filed the administrative record in this matter, which included "a complete list of the documents and materials directly or indirectly considered by the agency in connection with the challenged List 3

and List 4 tariff actions." Declaration of Megan Grimball, ECF No. 297.  On February 15, 2022, we moved to correct the record to add two documents that the USTR had inadvertently failed to include.  *See* ECF No. 441 (attaching Exhibit A, the President's statement from June 18, 2018, and Exhibit B, a supplement to the USTR's Section 301 Findings regarding China's unreasonable and discriminatory trade practices).  The Court granted the Government's motion with respect to the June 2018 presidential statement, but it denied the motion with respect to the supplemental 301 Report.  *See* Opinion and Order, ECF No. 448 at 69-70.

      Upon drafting the remand results as ordered by the Court, the USTR has determined that additional documents either were indirectly considered in the process of issuing the contested determinations, or they were issued in conjunction with the contested determinations, such that they should be part of the administrative record.  These documents are attached to this motion as Exhibits C to J.  These documents include: (1) the Federal Register Notice announcing the initiation of the Section 301 investigation; (2) a presidential memorandum issued in conjunction with the Section 301 findings; (3) the Federal Register Notice announcing the determination of actionability and seeking comment on proposed action; (4) a press release explaining the List 1 and the proposed List 2 trade actions; (5) the Federal Register Notice announcing the List 1 trade action and requesting comments on an additional proposed action (List 2); (6) the Federal Register notice announcing List 2; (7) a press release explaining the List 3 trade action; (8) a conforming amendment to the Federal Register Notice announcing the List 3 trade action; and (9) a press release explaining the List 4 trade action.  The USTR was aware of the facts contained in all these documents, such that those facts were considered when making the challenged decisions.

Whether to permit correction of the record is an evidentiary matter that is a discretionary determination by this Court. *Axiom Resource Management, Inc. v. United States*, 564 F.3d 1374, 1378 (Fed. Cir. 2009) (citing *Murakami v. United States*, 398 F.3d 1342, 1346 (Fed. Cir. 2005). A court's determination of an evidentiary matter constitutes an abuse of discretion if it is "'clearly unreasonable, arbitrary or fanciful, or is 'based on an erroneous construction of the law.'" *Axiom*, 564 F.3d at 1378 (quoting *Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1341 (Fed. Cir. 1999)).

The administrative record consists of documents that were "directly or indirectly considered by the [agency] decisionmaker(s)." *Pacific Shores Subdivision California Water District v. United States Army Corps of Engineers*, 448 F. Supp. 2d 1, (D.D.C. 2012); *JSW Steel (USA) Inc. v. United States*, 466 F. Supp. 3d 1320, 1328 (Ct. Int'l Trade 2020) (administrative record includes documents considered directly or indirectly). Here, granting the USTR leave to "correct" or "complete" the record with respect to Exhibits C to H is appropriate, because these documents were indirectly considered in issuing List 3 and List 4. *See* Declaration by Megan Grimball at ¶ 7. *Center for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1274 (D. Colo. 2010) (explaining the difference between "completing" versus "supplementing the record") (citing *The Cape Hatteras Access Preservation Alliance v. U.S. Dep't of Interior*, 667 F. Supp. 2d 111, 114 (D.D.C. 2009)); *Natural Resources Defense Council v. Train*, 519 F.2d 287, 291 (D.C. Cir. 1975) ( "If it can be shown that the materials sought to be included in the record before the court, were indeed before the agency, supplementation is appropriate.").

Additionally, United States Court of International Trade (USCIT) Rule 73.3. states, in relevant part, that the administrative record shall include "[a] copy of the contested determination." Granting the USTR leave to "correct" or "complete" the record with respect to

4

Exhibits I and K is appropriate, because these are press releases that were issued in conjunction with List 3 and List 4, and they therefore are part of the "contested decision." USCIT Rule 73.3. *See* Declaration by Megan Grimball at ¶ 9. Granting the USTR leave to "correct" or "complete" the record with respect to Exhibit J is appropriate because it is a Federal Register Notice which amended Final List 3, and therefore is part of the contested decision. *Id.* at ¶ 10. An unpublished version of the notice was included as an attachment to PR-5, but a separate published version of the notice should have also been included with the administrative record that was filed on April 30, 2021. *Id.*

Thus, our motion is distinguishable from a situation in which the moving party seeks to modify the administrative record with outside materials that were not considered by the agency decision maker, which is disfavored. *See AgustaWestland North America, Inc. v. United States*, 880 F.3d 1326 (Fed. Cir. 2018) (explaining that "'supplementation of the record should be limited to cases in which the omission of extra-record evidence precludes effective judicial review.'") (quoting *Murakami v. United States*, 46 Fed. Cl. 731, 735 (2000), *aff'd*, 398 F.3d 1342).

For these reasons, we respectfully request that the Court grant this motion to correct the administrative record. If the Court grants this motion, a representative from the USTR will file a corrected public record index and accompanying declaration.

                                               Respectfully submitted,

                                               BRIAN M. BOYNTON
                                               Principal Deputy Assistant Attorney General

                                               PATRICIA M. MCCARTHY
                                               Director

|  |  |
|---|---|
|  | /s/ L. Misha Preheim<br>L. MISHA PREHEIM<br>Assistant Director |
| OF COUNSEL: | /s/ Justin R. Miller<br>JUSTIN R. MILLER<br>Attorney-In-Charge,<br>International Trade Field Office |
| MEGAN GRIMBALL<br>Associate General Counsel<br>PHILIP BUTLER<br>Associate General Counsel<br>EDWARD MARCUS<br>Assistant General Counsel<br>Office of General Counsel<br>Office of the U.S. Trade Representative<br>600 17th Street N.W.<br>Washington, D.C. 20508 | /s/ Elizabeth Speck<br>Senior Trial Counsel<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 307-0369 |
| PAULA SMITH<br>Assistant Chief Counsel<br>EDWARD MAURER<br>Deputy Assistant Chief Counsel<br>VALERIE SORENSEN-CLARK<br>Attorney<br>Office of the Assistant Chief Counsel<br>International Trade Litigation<br>U.S. Customs and Border Protection<br>26 Federal Plaza, Room 258<br>New York, NY 10278 | SOSUN BAE<br>Senior Trial Counsel<br>JAMIE L. SHOOKMAN<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044 |
| August 1, 2022 | *Attorneys for Defendants* |

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE; CLAIRE R. KELLY, JENNIFER CHOE-GROVES, JUDGES

| | |
|---|---|
| IN RE SECTION 301 CASES | : Court No. 21-00052-3JP |

## **ORDER**

Upon consideration of defendants' motion to correct the record, it is hereby

ORDERED that defendants' motion is granted, and it is further

ORDERED that the agency administrative record in this proceeding shall be corrected to include the documents attached to the motion as Exhibits C-K.  An official from the United States Trade Representative is directed to file an amended public record index and accompanying declaration.

Dated: _____          _____
         New York, New York                                                        Judge

                                                                          _____
                                                                                          Judge

                                                                          _____
                                                                                          Judge