UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE MARK A. BARNETT, CHIEF JUDGE
          THE HONORABLE CLAIRE R. KELLY, JUDGE
          THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

|  |  |  |
|---|---|---|
| *In Re* Section 301 Cases | : : : : : | Court No. 21-00052 |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF FILING DOCUMENT REFERENCED DURING ORAL ARGUMENT

Plaintiffs provide a few brief observations in response to Defendants' filing of PR-9057, a redacted version of CR-1 entitled "Summary of Advisory Committee Advice on Proposed Supplemental Action," prepared in response to proposed List 3. Dkt. No. 489.

As an initial matter, neither USTR's Remand Determination (Dkt. No. 467) nor Defendants' briefing on remand (Dkt. No. 479) even cites PR-9057 (or CR-1).

For good reason: any (belated) reliance on that document would run afoul of this Court's decision in *Invenergy Renewables LLC v. United States*, 476 F. Supp. 3d 1323, 1347 (Ct. Int'l Trade 2020), and the Supreme Court precedent on which *Invenergy* is based. *See* Pl. Cmts. 9, Dkt. No. 474. "Adequate explanation of the agency's decision has to be made public somewhere or in some manner allowing interested parties to review and scrutinize it." *Invenergy*, 476 F. Supp. 3d at 1347. Yet this is the first time that the public is seeing the document, which was never even referenced in any publicly available agency determination. It is thus no surprise that Defendants (despite every opportunity to do so) decided not "to rely on [its] contents," let alone "explain why that reliance would be justified in light of *Invenergy*." Slip Op. 22-32 at 57 n.30.

More fundamentally, PR-9057—like every other portion of the administrative record cited by Defendants in their voluminous briefing over the course of these now years-long proceedings—

reflects no contemporaneous agency deliberation of the significant comments that form the basis of Plaintiffs' APA challenge. Rather, PR-9057 indicates merely that USTR solicited advice from "advisory committees" on economic impact; that those outside "advisors expressed concerns over the detrimental impacts of tariffs" (including on consumer prices, global supply chains, and U.S. manufacturing); and that such advisors proposed "alternatives to increased tariffs." Dkt. No. 489 at Exh. 1. The one-page document shows no weighing by USTR of those concerns and alternatives, or the public's separate comments, let alone a reasoned basis for rejecting them as the APA demands.

* * *

Respectfully submitted,

/s/ Matthew R. Nicely
Matthew R. Nicely
Pratik A. Shah
James E. Tysse
Devin S. Sikes
Daniel M. Witkowski
Sarah B. W. Kirwin

Dated: February 10, 2023

AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, NW
Washington, D.C. 20006

*Counsel to Plaintiffs HMTX Industries LLC, Halstead New England Corporation, Metroflor Corporation, and Jasco Products Company LLC*